DA 06-0426

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 212N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RODNEY A. EDMUNDSON,

Defendant and Appellant.

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-05-063(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jim Wheelis, Chief Appellate Defender, Helena, Montana

For Respondent:

The Honorable Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

Ed Corrigan, Flathead County Attorney; Dan Guzynski, Deputy
County Attorney, Kalispell, Montana

Submitted on Briefs:  July 25, 2007

Decided:  August 28, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Rodney Edmundson appeals from the order entered by the Eleventh Judicial District Court, Flathead County, denying his motion to withdraw his guilty plea to the felony offense of assault with a weapon. Observing § 46-16-105(2), MCA, requires a showing of "good cause" to withdraw a guilty plea, the District Court reasoned, among other things, that its interrogation at the change of plea hearing was adequate, five additional criminal charges were dismissed, and no evidence established that the prescription medication Edmundson allegedly took prevented him from pleading knowingly, intelligently and voluntarily.

¶3 On appeal, Edmundson asserts the District Court erred in denying his motion without first holding a hearing. Edmundson concedes he signed a written acknowledgment of rights form specifically stating he was not under the influence of prescription drugs, and responded in the negative to a question posed by the District Court at the change of plea hearing about whether he had any drugs or alcohol in his system. Edmundson contends, however, that a hearing is necessary because his motion to withdraw his plea and supporting affidavit state he was under the influence of two pain

2

medications when he pled guilty, was not fully aware of the proceedings and responded only as directed by counsel. Asserting any doubt about whether a guilty plea was voluntary or intelligent must be resolved in the defendant's favor, Edmundson argues his affidavit supplied sufficient evidence to warrant a hearing, at which time the District Court could ascertain whether his assertions are credible.

¶4 Edmundson also asserts and argues other matters. Those matters are not properly before us in this appeal.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that Edmundson's appeal is without merit because most of the issues are clearly controlled by settled Montana law that the District Court correctly interpreted, and to the extent the issue regarding whether to hold a hearing was one of judicial discretion, there clearly was not an abuse of discretion.

¶6 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS