# FILED

January 21 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0046

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 12

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

RODNEY ARNETTE EDMUNDSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 05-063(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Nancy G. Schwartz, N.G. Schwartz Law, PLLC, Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Kalispell, Montana

          Submitted on Briefs:  December 18, 2013
                  Decided:  January 21, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Rodney Arnette Edmundson appeals from two orders of the Eleventh Judicial District Court, Flathead County, related to the revocation of his suspended sentence. We affirm.

¶2 The following issues are raised on appeal:

¶3 *Issue One: Whether the District Court erred when it denied Edmundson's motion to dismiss the petition for revocation.*

¶4 *Issue Two: Whether the District Court erred when it considered allegedly unreliable information about Edmundson's criminal history.*

**PROCEDURAL AND FACTUAL BACKGROUND**

¶5 In 2005, Edmundson was charged with four counts of felony assault with a weapon, one count of misdemeanor sexual assault, and one count of misdemeanor violation of privacy in communications. He reached a plea agreement with the State, pursuant to which he pled guilty to one count of felony assault with a weapon. The remaining charges were dismissed. The District Court sentenced Edmundson to a ten-year commitment to the Department of Corrections, with five years suspended. At the hearing, Edmundson contested portions of the presentencing investigation report (PSI) pertaining to his criminal history. The District Court made handwritten annotations on the PSI indicating Edmundson's objections, but denied his motion to amend the PSI because he had offered no evidence supporting his claim that the information was incorrect. Edmundson was released on parole on January 8, 2009, and transferred his supervision to his home state of Indiana on July 9, 2009. On February 9, 2010, he discharged parole and began serving the suspended portion of his sentence.

2

¶6    The conditions of his suspended sentence required him to maintain regular employment and pay restitution to the victim. On October 5, 2011, Edmundson's probation officer in Indiana reported that Edmundson was not employed and had fallen behind on his restitution obligations. A petition for revocation was filed in the Flathead County District Court, and Edmundson returned to Montana. At a revocation hearing on March 1, 2012, Edmundson admitted the violations, explaining that he had been laid off from the job he had held for a year and a half. The District Court re-suspended his sentence, allowing him to continue his supervision in Montana. Edmundson reported that he intended to stay with an acquaintance in Bozeman and transferred his supervision there on March 8, 2012.

¶7    On March 22, 2012, Bozeman police were called when Edmundson allegedly refused to leave the Continental Motor Inn, where he was seeking a room. Officers believed him to be intoxicated and arrested him on suspicion of violating his probation. Edmundson was taken to the Gallatin County Detention Center. It is uncontested that Edmundson had an initial appearance in the Gallatin County District Court on March 23, 2012. Edmundson remained in the Gallatin County Detention Center until April 25, 2012.

¶8    A report of violation by Probation Officer Arturo Gonzalez was filed in the Flathead County District Court on March 27, 2012. The report alleged that Edmundson did not reside at his reported address, was found in possession of two diazepam pills for which he did not have a prescription, was unemployed, consumed alcohol, refused to provide breath and urine samples, and refused to leave the Continental Motor Inn.

3

Edmundson claims that on April 13, 2012, he sent a pro se Order for Transport to the Flathead County District Court, seeking an appearance there. The Order does not appear in the record, and the State contests this claim. On April 16, 2012, a petition for revocation was filed in the Flathead County District Court. A bench warrant was issued the next day. On April 24, 2012, Edmundson appeared on the warrant in the Gallatin County Justice Court. He was transferred to Flathead County on April 25, 2012, and appeared in the Flathead County Justice Court on April 26, 2012. A hearing on the petition to revoke was scheduled in the Flathead County District Court for May 10, 2012.

¶9     At that hearing, Edmundson denied the alleged violations, and an evidentiary hearing was set for May 24, 2012. Edmundson requested a continuance to allow him time to move to dismiss the petition on the grounds that the State had failed to bring him before the District Court without unnecessary delay. The motion to dismiss was denied on July 10, 2012. The District Court found that Edmundson's appearances on March 23, April 24, April 26, and May 10 satisfied the requirements of due process.

¶10    At the evidentiary hearing on August 2, 2012, Edmundson admitted that he was not living at his reported address and was not employed. He admitted to possessing the diazepam pills, but claimed he had a prescription. He admitted to consuming alcohol and failing to provide a urine sample to his probation officer, though he had provided a breath sample to the arresting officer. When asked what disposition he would like from the Court, Edmundson responded, "I would ask the Court that I can get sentenced to . . . whatever I have left, Your Honor." He confirmed that he was asking the Court for a

commitment to DOC with recommended placement at a prerelease facility. His attorney concurred with the State's recommendation of a five-year DOC commitment.

¶11   The District Court found the recommendation appropriate, noting that but for Edmundson's "fairly lengthy" criminal history, the sentence would probably be shortened. The District Court sentenced Edmundson to a five-year commitment to DOC with recommended placement at prerelease. Edmundson asked to address the Court, and explained that an offense from Kokomo, Indiana, was erroneously reported twice in the PSI. The Court acknowledged Edmundson's remarks and concluded the hearing.

## STANDARD OF REVIEW

¶12   This Court reviews a District Court's interpretation and application of a statute de novo. *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819. We exercise plenary review of constitutional questions, including whether a probationer's right to due process has been violated. *Triplett*, ¶ 13. A district Court's decision to revoke a suspended sentence is reviewed for abuse of discretion. *State v. Roberts*, 2010 MT 110, ¶ 7, 356 Mont. 290, 233 P.3d 324.

## DISCUSSION

¶13   *Issue One: Whether the District Court erred when it denied Edmundson's motion to dismiss the petition for revocation.*

¶14   Edmundson argues that the petition for revocation should have been dismissed, because he did not appear before the District Court for a hearing on the petition until fifty days after his arrest. He claims this was an unreasonable delay that violated both the statutory provisions governing revocation proceedings and his constitutional right to due

5

process. Edmundson does not challenge the District Court's determination that he had "initial revocation proceedings," including three court appearances, during which he was informed of his rights and appointed an attorney.

¶15 When a petition for revocation is filed, the offender must be brought before the judge "without unnecessary delay" and informed of the allegations in the petition, the opportunity to appear and present evidence, the opportunity to question adverse witnesses, and the right to be represented by counsel. Section 46-18-203, MCA. These requirements apply prior to the revocation hearing. *Triplett*, ¶ 19 (citing *State v. Finley*, 2003 MT 239, ¶ 30, 317 Mont. 268, 77 P.3d 193). Specifically, "the 'without unnecessary delay' language plainly refers to the first court appearance after an offender is arrested pursuant to a revocation petition." *Triplett*, ¶ 18. Edmundson does not dispute that he appeared in the Gallatin County District Court and was informed of his rights on March 23, 2012, the day after his arrest. The requirements of § 46-18-203, MCA, were satisfied by Edmundson's initial appearance. *See Triplett*, ¶¶ 18-19.

¶16 Edmundson also argues that the fifty-day period between his arrest and the revocation hearing violated his right to due process. A revocation hearing is a civil proceeding, and an offender is not entitled to the full range of constitutional rights available to a defendant in a criminal trial. *Finley*, ¶ 29 (citing *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600 (1972)). The right to a speedy trial does not apply to a revocation hearing. *State v. Oppelt*, 184 Mont. 48, 56, 601 P.2d 394, 399 (1979). An offender is entitled to the protections of due process, including written notice of the alleged violation, disclosure of the evidence against him or her, the opportunity to be

6

heard and to present evidence, the right to confront witnesses, the right to a neutral arbiter, and the right to receive a written statement of the evidence relied upon and the reason for the revocation. *Finley*, ¶ 31 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62 (1973)).

¶17 Aside from these guarantees, due process is ultimately measured by the fundamental fairness of the proceeding. *State v. West*, 2008 MT 338, ¶ 32, 346 Mont. 244, 194 P.3d 683. The individual circumstances of each case will determine whether a delay is unreasonable, and the length of the delay is not the only factor considered. *West*, ¶¶ 33-34. The totality of the circumstances must be taken into account. *West*, ¶ 35.

¶18 Edmundson was arrested in another jurisdiction. He was granted a court appearance the day after his arrest and informed of his rights. The report of violation was filed promptly. He made two more appearances prior to his May 10 hearing, and was appointed an attorney. Considering the totality of the circumstances, the proceedings were fundamentally fair and did not violate Edmundson's right to due process. We affirm the order of the District Court denying Edmundson's motion to dismiss the petition for revocation.

¶19 *Issue Two: Whether the District Court erred when it considered allegedly unreliable information about Edmundson's criminal history.*

¶20 Edmundson argues that the District Court violated his right to due process by considering inaccurate information about his criminal history during sentencing. A person convicted of a crime "has a due process right to be sentenced based on correct information." *State v. Harper*, 2006 MT 259, ¶ 18, 334 Mont. 138, 144 P.3d 826 (citing

7

*State v. Bar-Jonah*, 2004 MT 344, ¶ 120, 324 Mont. 278, 102 P.3d 1229). The "rigorous standards" of accuracy required in an original sentencing proceeding "are equally as important when the trial court is passing upon the state's motion to revoke a deferred or suspended sentence." *State v. Knapp*, 174 Mont. 373, 379, 570 P.2d 1138, 1141 (1977). Due process requires that an offender be given the opportunity to explain or rebut the information in a presentencing investigation report. *State v. Ferguson*, 2005 MT 343, ¶ 100, 330 Mont. 103, 126 P.3d 463. A sentence will not be overturned, however, unless the information relied upon by the sentencing court is shown to be materially inaccurate. *Harper*, ¶ 18 (citing *Bar-Jonah*, ¶ 120). When revoking a suspended sentence, the District Court may require the offender to serve the sentence originally imposed. Section 46-18-203(7)(a)(iii), MCA.

¶21 In this case, Edmundson's objections to the information contained in the PSI had already been considered and noted, as reflected in the order denying his motion to amend the PSI. A copy of the PSI with handwritten notes indicating the disputed charges was included in the record considered by the District Court at the hearing on August 2, 2012. The District Court allowed Edmundson to contest the PSI again during that hearing and acknowledged his objection. Edmundson offered no new support for his assertion that the PSI was inaccurate. Notwithstanding the disputed charges, Edmundson's criminal history is indeed "fairly lengthy," spanning five states and nineteen years. The disposition Edmundson received—a five-year DOC commitment with recommended placement at a prerelease facility—was exactly what he requested. The District Court did not violate Edmundson's right to due process by considering the criminal history

8

information in the PSI, nor did it abuse its discretion by requiring him to serve the remainder of his original sentence.

¶22    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JIM RICE
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON