FILED

January 6 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0211

DA 14-0211

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 4N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RODNEY ARNETTE EDMUNDSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 14-238C
Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Rodney Arnette Edmundson, Self-Represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney, Kalispell, Montana

Submitted on Briefs:  December 3, 2014
Decided:  January 6, 2015

Filed:

                                  Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Rodney Edmundson has been before this Court on multiple previous occasions. We repeat the facts established in earlier proceedings that are necessary to provide context for this appeal. A fuller recitation of the background of his case can be found at *State v. Edmundson*, 2014 MT 12, 373 Mont. 338, 317 P.3d 169.

¶3	In 2004, Edmundson was charged in the Eleventh Judicial District Court of Flathead County with multiple felony and misdemeanor counts including sexual assault and assault with a weapon. Following a plea agreement in which he entered a guilty plea to a single felony, and after receipt of the pre-sentence investigation (PSI), the District Court sentenced Edmundson to a ten-year commitment to the Department of Corrections (DOC), with five years suspended. The written judgment and sentence, issued on October 20, 2005, contained multiple conditions including a restitution obligation of $1,200, as well as various fines and fees.

¶4	In April 2006, Edmundson moved to withdraw his guilty plea on the grounds that he had been under the influence of prescription medication, both when he entered his guilty plea and at sentencing. The District Court denied the motion and Edmundson appealed. In an August 2007 non-citable opinion, we affirmed the District Court. *State v. Edmundson*, 2007 MT 212N. In June 2007, while the appeal was pending, Edmundson filed a motion to amend

2

his judgment and sentence alleging his restitution obligation was unlawful based upon procedural inadequacies in the PSI.

¶5 Edmundson subsequently filed multiple motions and petitions, including a petition for post-conviction relief, a motion to vacate his 2005 restitution order as illegal, and a motion to amend and modify his 2005 PSI. None of these motions were granted. In February 2010, he discharged parole and began serving the suspended portion of his sentence. In November 2012, his suspended sentence was revoked and he was sentenced to serve five years with DOC. In February 2013, Edmundson moved to correct the amount of restitution that he owed, alleging that DOC had unilaterally increased his obligation beyond that ordered in his 2005 judgment. DOC acknowledged the error and corrected its records to reflect the amount originally ordered, less the amount he had paid. Edmundson subsequently again moved for post-conviction relief, and his motion was denied as an untimely appeal from his 2005 conviction.

¶6 Edmundson now appeals the District Court's denial of his post-conviction petition, arguing that it was timely because it presented issues arising from the revocation proceedings, and not his original judgment. He also asserts that the balance of his DOC restitution account is incorrect but he does not acknowledge DOC's previous adjustments. Additionally, he claims the District Court erred "by not vacating the unlawful order for court fees in the amount of $3,905.81." He fails, however, to identify the order that requires the erroneous payment.

¶7 The State counters that if Edmundson's post-conviction petition was intended to challenge his 2005 judgment and restitution order and his trial counsel's effectiveness, it was

3

correctly dismissed as untimely. The State also supports the District Court's dismissal of the petition on the ground that these same issues were raised in Edmundson's 2007 post-conviction petition, the appeal of which was dismissed with prejudice by this Court. Alternatively, however, the State argues that if Edmundson's petition was intended to challenge his revocation proceedings, it could have—and should have—been dismissed as meritless on the face of the pleadings in that Edmundson failed to comply with the requirements of § 46-21-104, MCA, the statute that sets forth the required contents of a petition for post-conviction relief.

¶8 We attempt to accommodate pro se parties by granting some leeway in the proceedings. However, we cannot grant such considerable leeway that it prejudices the other party. We expect all litigants, including those acting pro se, to adhere to procedural rules. *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124.

¶9 If we determine that Edmundson's petition sought relief from his original October 2005 judgment, we would affirm the District Court's ruling as correct. Edmundson's petition was untimely and has been ruled upon previously by both the District Court and this Court. However, if we accept Edmundson's premise that he is appealing rulings from the revocation proceedings, we must review the petition to determine if it satisfies the requirements of § 46-21-104, MCA. Under § 46-21-104(1)(a), MCA, a post-conviction petition must clearly identify the final judgment from which petitioner seeks relief. Edmundson's petition did not identify any court order or judgment. Additionally, Edmundson did not acknowledge the previous District Court or Montana Supreme Court proceedings that he pursued in an effort to secure relief. Section 46-21-104(1)(b), MCA.

4

Moreover, while the petition set forth conclusory allegations of erroneously-imposed restitution and ineffective assistance, it did not identify any facts or evidence from the record regarding these issues that support his requested relief as required by § 46-21-104(1)(c), MCA. To the contrary, some of the attachments to his petition actually contradicted his restitution allegations. Lastly, we note that while he presented legal authority that criminal defendants are entitled to effective counsel, he failed to point to any facts or evidence that his counsel was indeed ineffective. *See* § 46-21-104(2), MCA. For these reasons, Edmundson's petition was deficient and warranted dismissal.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted.

¶11 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT

5