CHIEF JUSTICE McGRATH
delivered the Opinion of the Court.
¶1 Jamie Michelle Koon appeals from the District Court’s Order on Defendant’s Motion to Dismiss dated April 9, 2015. We affirm and remand for correction of the sentence.
¶2 We restate the issues on appeal as follows:

Issue One: Whether the District Court erred in dismissing Koon’s motion to dismiss the petition to revoke her suspended sentence on the ground that there had been a four-year delay in executing the arrest warrant.

Issue Two: Whether the District Court’s written judgment should be amended to conform to the oral pronouncement of sentence.

FACTUAL AND PROCEDURAL BACKGROUND
¶3 On February 21,2007, Koon pleaded guilty to felony issuing a bad check in violation of §§ 45-6-316 and 45-2-101, MCA. The District Court in Lewis and Clark County sentenced her to four years in prison with all but thirty days suspended. That sentence was to run consecutively to a sentence Koon was then serving in Colorado, and was subject to conditions including supervision by the Montana Department of Corrections and payment of restitution. She was extradited to Colorado.
¶4 On April 13, 2009, the State filed a petition to revoke Koon’s suspended sentence. A supporting affidavit from a probation officer stated that Koon had discharged her Colorado sentence on October 16, 2008, but had not communicated with her supervising probation officer in Montana. Koon’s whereabouts were unknown to Montana authorities, and on April 14, 2009, the District Court issued a “Montana only” warrant for her arrest.[1]
¶5 Koon was convicted of another offense in Colorado in 2009 and *324 spent the next four years dealing with her new sentence there, being paroled and revoked several times. In June 2009 Koon wrote a letter to the Clerk of the District Court in Lewis and Clark County asking to be returned to Montana to serve her 2007 sentence. Nothing occurred as a result of that letter, and Koon discharged her Colorado sentences on April 12, 2013.
¶6 Koon returned to Montana at some point and on November 11, 2013, was stopped for a traffic violation in Fort Benton. She was arrested on the April 2009 “Montana only” warrant. On November 14, 2013, Koon appeared on the April 2009 petition to revoke her Montana 2007 suspended sentence. She was released on her own recognizance and ordered to report to her probation officer.
¶7 Koon moved to dismiss the petition to revoke the 2007 suspended sentence, contending that the State failed to bring her to court without unnecessary delay in violation of her right to due process.
¶8 The District Court denied Koon’s motion to dismiss, holding that the requirement of § 46-18-203(4), MCA, that an arrested offender must be brought before a judge “without unnecessary delay” applies to the offender’s initial appearance after arrest, citing State v. Edmundson, 2014 MT 12, 373 Mont. 338, 317 P.3d 169. The District Court determined that Koon’s appearance in court within three days of her November 2013 arrest satisfied the statute. The District Court further concluded that there is no statutory requirement that an arrest warrant be served without unnecessary delay on an offender who is incarcerated in another state.
¶9 Koon also argued that issuing a “Montana only” arrest warrant while she was incarcerated in Colorado violated her due process rights. She contended that after she served her Colorado sentence she could no longer ask the Montana court to set her sentence in this State to run concurrently with her sentence in Colorado. In addition, she alleged that she had a “failing memory,” making it difficult for her to recall past events. The District Court applied State v. West, 2008 MT 338, 346 Mont. 244, 194 P.3d 683 to determine whether there was a violation of due process. As provided in West, the District Court examined the “totality of the circumstances.”
¶10 The court considered the four-year time between the 2009 arrest warrant and Koon’s arrest in 2013; the fact that her location was unknown when the warrant was issued; and the fact that Koon was subsequently arrested and incarcerated in Colorado under a sentence that was not discharged until 2013.
¶11 The District Court determined that the extradition statutes do not impose a duty on a state to seek the return of a prisoner from another *325 state for purposes of a revocation proceeding. The District Court determined that Koon had “no right to demand a hearing or extradition to Montana” and that her 2009 letter to the Clerk of the Court “triggered no requirement” that she be extradited. The court determined that even if Koon had been returned to Montana during her period of incarceration or supervision in Colorado, she had no right to receive a concurrent sentence to whatever sentence she was serving in Colorado. In addition, her original 2007 Montana sentence was specifically consecutive to her Colorado sentences, materially decreasing the likelihood that she would have received a concurrent sentence in any event. In light of all these factors, the District Court determined that Koon had not suffered a deprivation of due process.
¶12 The District Court ultimately held a hearing upon the petition to revoke Koon’s 2007 suspended sentence and determined that she had violated the terms of the sentence. The District Court nevertheless sentenced her to the same term of three years, and suspended the entire term.
¶13 Koon appeals.
STANDARD OF REVIEW
¶14 This Court exercises plenary review of issues of constitutional law. West, ¶ 13. This Court reviews a district court’s imposition of a criminal sentence for legality only. State v. Kroll, 2004 MT 203, ¶ 12, 322 Mont. 294, 95 P.3d 717. This Court reviews a district court’s interpretation of a statute as an issue of law, to determine whether the interpretation is correct. West, ¶ 13.
DISCUSSION
¶15 Issue One: Whether the District Court erred in dismissing Koon’s motion to dismiss the petition to revoke her suspended sentence on the ground that there had been a four-year delay in executing the arrest warrant.
¶16 In 2008 this Court established that “execution of a probation violation warrant without unreasonable delay is one of the due process protections afforded defendants,” based upon the due process guarantee of Article II, Section 17 of the Montana Constitution. West, ¶ 27. The concept of due process does not have a static definition, but generally expresses a requirement of fundamental fairness. State v. Graves, 2015 MT 262, ¶ 21, 381 Mont. 37, 355 P.3d 769; Edmundson, ¶ 17. A probation revocation proceeding is civil, and the offender is not entitled to the full range of constitutional protections available to a *326 person first charged with a crime. Edmundson, ¶ 16. Probation revocation deprives an individual not of absolute liberty, but only of the “conditional liberty” that depends upon adherence to established parole restrictions. West, ¶ 36. A charged defendant’s rights to a speedy trial do not apply in the context of a probation revocation. Edmundson, ¶ 16.
¶17 Assessing the due process implications of a particular revocation proceeding requires a flexible approach that provides the procedural protections that the particular case demands. West, ¶ 32. Due process is “ultimately measured by the fundamental fairness of the proceeding,” Edmundson, ¶ 17, and requires “an appraisal of the totality of the facts in a given case.” West, ¶ 32. The reviewing court should consider the delay in serving the warrant; the State’s diligence; the reasons for the delay; the conduct of the probationer; whether the State knows the location of the probationer; and any actual prejudice that resulted. This list is not exclusive. West, ¶ 34.
¶18 The Dissent opines that “any straight-up application of the West factors to the undisputed facts of this case does not bode well for the State.” Dissent, ¶ 35. However, the West opinion clearly emphasizes the “flexible” nature of the due process analysis in revocation proceedings, appraising the “totality of facts in a given case.” West, ¶ 32. Quoting the United States Supreme Court, “That which may, in one setting constitute a denial of fundamental fairness ... may, in other circumstances and in light of other considerations fall short of such denial.” West, ¶ 32 (citing County of Sacramento v. Lewis, 523 U.S. 833, 850, 118 S. Ct. 1708, 1719 (1998)).
¶19 It is established that the time between issuance and execution of an arrest warrant for a probation violation is but one factor for consideration and is “not alone dispositive.” West, ¶ 34. In West, for example, this Court held that a twenty-six-month delay in executing a probation violation warrant, during which the defendant was in State custody, did not amount to a “per se due process violation.” West, ¶ 33. The District Court in this case properly applied West, considering the totality of the circumstances, to determine that Koon suffered no violation of due process. The District Court considered the four-year lapse between issuance and execution of the warrant; the fact that Koon was serving a sentence for offenses in Colorado for most of that time; and that securing Koon’s presence for executing the warrant would require initiation of an extradition proceeding.
¶20 The conduct of the probationer is also an important factor in the resolution of this case. Koon notes that while in custody in Colorado she wrote a letter to the Clerk of the Court in Lewis and *327 Clark County expressing a desire to return to Montana to deal with the revocation warrant. However, it is difficult to determine how she was prejudiced upon review of these facts. When she finally discharged her Colorado sentence and returned to Montana in 2013, she did not seek a resolution of her situation. While obviously aware that the warrant had been issued, she did not notify her probation officer that she had returned as the conditions of her prior sentence required. Thus, her presence in Montana and the outstanding warrant for her arrest came to light only after she was stopped for a traffic offense. Koon’s conduct indicates a desire to evade service of the warrant and an intent to avoid the requirements of her probation. West, ¶ 34.
¶21 While Koon argues that she was prejudiced by not being able to argue that her Montana-revoked probation should be served concurrently with her Colorado sentence, her original Montana sentence was specifically imposed as consecutive to the Colorado sentence. Koon has not demonstrated any likelihood that she would have received a concurrent sentence upon revocation in Montana, and she had no statutory entitlement to a concurrent sentence. Section 46-18-401, MCA. We also decline to ascribe any material prejudice to Koon’s unsupported suggestion that she could forget the facts of past events.
¶22 We affirm the District Court’s decision to deny Koon’s motion to dismiss the revocation petition.
¶23 Issue Two: Whether the District Court’s written judgment should be amended to conform to the oral pronouncement of sentence.
¶24 Koon contends that during sentencing the District Court stated that probation supervision fees would be waived because of her inability to pay. The State concedes that the final written disposition failed to reflect the waiver of supervision fees and should be corrected. The written disposition must conform to the pronouncement of the sentence in open court. Kroll, ¶ 15.
¶25 Therefore, we remand to the District Court so that the final disposition of Koon’s sentence may be amended to waive supervision fees.
CONCLUSION
¶26 The District Court is affirmed. This matter is remanded for correction of the final disposition to reflect that Koon is not required to pay supervision fees for probation.
JUSTICES BAKER, WHEAT, SHEA and McKINNON concur.

 A “Montana only” warrant is a case management tool that allows prosecutors and law enforcement administrators to limit the geographical area where a warrant should be served. It provides notice that extradition from another state will not be sought.