FILED

05/14/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0633

DA 22-0633

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 104N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

NICHOLAS RYAN McGUIRE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-2018-459(D)
Honorable Dan Wilson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jennifer Dwyer, Avignone, Banick & Williams, Bozeman, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

      Travis Ahner, Flathead County Attorney, John H. Donovan, Deputy
County Attorney, Kalispell, Montana

Submitted on Briefs:  April 10, 2024

Decided:  May 14, 2024

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant Nicholas Ryan McGuire (McGuire) appeals a September 15, 2022 Order of Revocation and Disposition issued by the Eleventh Judicial District Court, Flathead County, revoking his three-year deferred imposition of sentence and sentencing him to four years at the Department of Corrections (DOC), none suspended. McGuire contends the Order must be vacated because it violated his right to due process and exceeded the District Court's statutory authority. McGuire also argues the District Court failed to properly credit him with the appropriate amount of "street time," as well as time served in custody. We affirm the District Court with respect to the revocation and its determination of McGuire's street time credit, but we reverse and remand to the District Court with instructions to award more credit for time spent in custody.

¶3 In December 2018, McGuire was charged in Flathead County with felony criminal endangerment and DUI. He pled guilty to the charges in accordance with a plea agreement that contemplated a three-year deferred imposition of sentence for the criminal endangerment charge and a six-month jail sentence for the DUI charge. Thereafter, the Court permitted McGuire to withdraw his plea for DUI and dismissed that charge. In May

2

2019, consistent with the remainder of the plea agreement, the District Court deferred imposition of sentence for three years and gave him credit for 86 days served in custody for the DUI. The District Court also required that McGuire be supervised by DOC personnel and abide by various other conditions, which included consenting to random or routine body fluid tests, refraining from the possession or use of alcohol and illegal drugs, and obeying all other state and federal laws.

¶4 On August 4, 2021, one of McGuire's probation officers, Shawn Heidrick (Officer Heidrick), was alerted that McGuire had provided a urinalysis sample that tested positive for methamphetamine and amphetamine. On the same day, McGuire admitted to using methamphetamine. On August 5, 2021, Officer Heidrick and another officer identified paraphernalia and a small bag of methamphetamine in McGuire's home, and he was arrested and booked at the Missoula County Detention Center for the alleged violations. He was charged with criminal possession of dangerous drugs and posted bond in the amount of $20,000 on August 8, 2021.

¶5 On August 10, 2021, Officer Heidrick filed a report of violation (ROV) in which he documented the August 4th and 5th violations. Therein, he remarked that McGuire's supervision had been "dismal" and that "[t]here is no community supervision available at this time that will keep this Defendant safe or the community safe." He also noted admissions from McGuire on June 29, 2021, when McGuire confessed to using methamphetamine over the course of several weeks. The State filed a petition to revoke

McGuire's deferred sentence on August 19, 2021, with Officer Heidrick recommending therein that McGuire be sentenced to three years to the DOC, with none suspended.

¶6 On September 16, 2021, McGuire was arrested for DUI. Another probation officer, Laishia Roth (Officer Roth), filed a supplemental ROV on September 27, 2021. The supplemental ROV detailed McGuire's arrest and included his admission to using methamphetamine on September 7, 2021. It also stated that he tested positive for other opiates. Officer Roth concurred with Officer Heidrick's recommendation for a revocation sentence of a three-year commitment to the DOC, with no time suspended.

¶7 On January 20, 2022, McGuire appeared before the District Court, where he was informed of his rights and the allegations brought against him in Officer Heidrick's August 2021 ROV and petition to revoke. McGuire entered denials on the allegations. The District Court then scheduled an evidentiary hearing for March 3, 2022. McGuire failed to appear at that hearing, and the District Court issued a warrant with bail set at $35,000. Notably, McGuire's original sentence from 2019, for the felony criminal endangerment charge, expired on March 5, 2022. He was nevertheless served with an arrest warrant on March 7, 2022, and he posted bond the same day.

¶8 On May 18, 2022, McGuire refused to complete a urinalysis test and threatened to kill a probation officer. This prompted Officer Roth to file a second supplemental ROV alleging 14 additional probation violations occurring from September 30, 2021, through May 18, 2022. The next day, the State filed its second petition for revocation. The District Court then issued another warrant and set bail, this time for $30,000, in connection with

4

the 14 additional violations alleged by Officer Roth in the second supplemental ROV. The State also charged him anew in Missoula County for his threats to the probation officer,[1] and a separate bail of $50,000 was set by the Missoula County Justice Court for the probation violations. McGuire thereafter remained in custody at the Missoula County Detention Facility.

¶9 Eventually, on July 7, 2022, McGuire appeared remotely before the Flathead County District Court and was arraigned on the probation violations filed in the second supplemental ROV filed in May 2022, and he entered denials on all those allegations. He sought reduction of the bail amount, but his request was denied by the District Court. On July 29, 2022, he posted bond on the $30,000 Flathead County warrant. The District Court set a revocation hearing for September 8, 2022, but McGuire again failed to appear for the hearing. The hearing was reset for September 15, 2022.

¶10 At the September 15, 2022 revocation hearing, Officer Roth testified about McGuire's purported violations throughout the previous year. The District Court made several findings regarding the ROVs filed in August 2021, September 2021, and May 2022,

---

[1] While not determinative in the present matter, there is some uncertainty regarding the exact nature of the criminal charges filed by the State in connection with McGuire's threats, since the charging documents are not in the record. The State contends these charges were for "either intimidation or threats to officials" but only cites to the July 7, 2022 Hearing in the District Court, where McGuire's attorney conveyed that she did not know what the specific charges were, but that they emanated from the May 18, 2022 incident with the probation officer, and that his attorney in Missoula was trying to get that case into the Missoula Veterans Court. For his part, McGuire only references these "new charges," without specificity, in various Motions to Continue filed with the District Court in June 2022.

respectively. Regarding the August 2021 ROV, the District Court found that McGuire committed the violations of possession of methamphetamine and use of methamphetamine. For the September 2021 ROV, the District Court found that the evidence did not support the DUI charge but did support the charge for positive methamphetamine and opiates test, as well as a violation for failure to report as required. Finally, for the May 2022 ROV, the District Court found all 14 violations to be supported.[2]

¶11 Regarding her recommendation for disposition, Officer Roth suggested that the District Court revoke McGuire's three-year deferred imposition of sentence and replace it with three years at the DOC with no time suspended. After considering McGuire's violations, as well as Officer Roth's testimony, the District Court concluded that McGuire could not be treated or rehabilitated while on community supervision. The District Court thus revoked McGuire's three-year deferred imposition of sentence and sentenced him to four years at the DOC, none suspended.

¶12 At the revocation hearing, Officer Roth was also asked about street time credit earned by McGuire. She responded that from December 2019 to August 2020, "[h]e had eight months of compliance so I would grant him those eight months." The District Court asked whether this recommendation was "based on [her] review of his probation compliance records in this case." Officer Roth answered in the affirmative. The parties

---

[2] These violations included admission to use of methamphetamine, failing to appear for probation meetings, possession of alcohol, threatening to kill a probation officer, and failure to provide a sample for urinalysis.

also agreed that McGuire was still entitled to 86 days for time spent in custody in connection with his original 2019 sentence, as well as two additional days for time served in custody on October 15, 2021, and March 7, 2022. McGuire appeals.

¶13 "This Court reviews a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion." *State v. Jardee*, 2020 MT 81, ¶ 5, 399 Mont. 459, 461 P.3d 108. Revocation decisions "involve both legal and factual findings," and we review legal findings de novo and factual findings for clear error. *Jardee*, ¶ 5. Additionally, this Court reviews de novo a district court's determination of credit for time served, as calculating such time is non-discretionary. *State v. Tippets*, 2022 MT 81, ¶ 10, 408 Mont. 249, 509 P.3d 1.

¶14 We first consider whether the District Court abused its discretion in revoking McGuire's deferred sentence and resentencing him to four years at the DOC. McGuire argues that the District Court must be reversed because its decision was based on findings over which it had no jurisdiction, and which violated McGuire's right to due process. Specifically, McGuire contends the District Court did not advise him of all allegations against him prior to his revocation hearing, as he was not notified or arraigned concerning the allegations in the September 2021 ROV. McGuire also argues the District Court improperly considered the 14 violations in the May 2022 ROV and the second petition to revoke, as they were both filed after the expiration of his original sentence. We address each of these arguments in turn.

¶15     While a revocation hearing is a "civil proceeding," criminal defendants are nevertheless "entitled to the protections of due process, including written notice of the alleged violation[s] . . . ." *State v. Edmundson*, 2014 MT 12, ¶ 16, 373 Mont. 338, 317 P.3d 169.  A criminal sentence is reviewed for legality only and will stand so long as it falls within applicable statutory parameters. *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, 151 P.3d 892.

¶16     Here, after finding that McGuire violated the terms of his deferred sentence, the District Court was authorized to revoke that sentence and reimpose "any sentence that might have been originally imposed."  Section 46-18-203(7)(a)(iv), MCA.  McGuire's original crime was for felony criminal endangerment, which provides that a violator "shall be fined an amount not to exceed $50,000 or imprisoned in the state prison for a term not to exceed 10 years, or both."  Section 45-5-207, MCA.  Thus, the four-year revocation sentence itself was properly within the applicable statutory parameters for felony criminal endangerment and therefore lawful.

¶17     As the State concedes, there is no record indication of McGuire being arraigned for the violations alleged in Officer Roth's September 2021 supplemental ROV.  Further, the second petition to revoke was filed after McGuire's sentence had expired.  A petition to revoke must be filed before a sentence has expired.  Section 46-18-203(2), MCA.  However, McGuire was also alleged to have violated the terms of his sentence in the petition to revoke filed before the expiration of his original sentence on March 5, 2022, based upon Officer Heidrick's August 2021 ROV, in which McGuire admitted to using

and possessing methamphetamine, and for which he was advised of the allegations and entered a denial. Moreover, eight of the violations in the May 2022 ROV occurred before March 5, 2022, including multiple admissions of methamphetamine use and consistent failures to report to probation officers. Even putting aside the purported violations listed in the supplemental September 2021 and May 2022 ROVs, the State conclusively established the probation violations alleged in the August 2021 ROV. As this Court has explained, "[a] single violation of the conditions of a suspended sentence is sufficient to support a district court's revocation of that sentence." *State v. Sebastian*, 2013 MT 347, ¶ 24, 372 Mont. 522, 313 P.3d 198; *see also State v. Pedersen*, 2003 MT 315, ¶ 20, 318 Mont. 262, 80 P.3d 79 ("A revocation hearing is not a criminal trial, but rather a hearing to establish whether or not a probation violation has occurred."). McGuire admitted to not just one, but *several* probation violations, and the process error regarding the September 2021 ROV allegations does not undermine those admissions.

¶18    Next, McGuire argues that the District Court improperly based its revocation sentence on the 14 allegations made in the May 2022 ROV and the second petition to revoke. As noted, because both were filed after the expiration period, the District Court lacked authority to revoke McGuire's sentence based upon allegations in that ROV or otherwise act on the State's second petition to revoke. McGuire concedes the District Court had authority to revoke under the original petition from August 2021, but responds that the record makes clear that the sentence was based on later allegations contained in the May 2022 ROV, pointing to the District Court's statement that "the violations amount to over a

9

dozen compliance violations." However, McGuire fails to acknowledge that there was nonetheless ample and even undisputed evidence sufficient to support revocation and the revocation sentence imposed by the District Court. McGuire admitted to using methamphetamine on August 4, 2021, in violation with his probation terms. Drug paraphernalia was also found in his bedroom the next day. Moreover, the initial ROV filed by Officer Heidrick documented other violations occurring before August 2021, including an admission of drug use in June 2021. Based on these violations alone, the sentence was permissible. To be sure, Officers Heidrick and Roth recommended the same sentence in both August 2021 and September 2022, but that does not necessarily mean the first recommendation, based upon timely allegations, was itself insufficient to support the new sentence. We thus conclude that the District Court did not abuse its discretion in revoking McGuire's original deferred sentence or resentencing him to four years at the DOC.

¶19 We turn to McGuire's argument that the District Court erred by failing to award "street time" or elapsed time for periods of time served on probation without an identified violation. Credit for elapsed time is governed by § 46-18-203(7)(b), MCA, which provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence. If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order.

Though the District Court gave McGuire credit from December 2019 to August 2020, he argues that it did not specifically identify violations that occurred before December 2019 or after August 2020 that would preclude credit for those time periods as well.

¶20   McGuire's assertions are contrary to the record.  To begin, the District Court followed the statute by consulting the records and recollections of probation officers assigned to McGuire, specifically Officer Roth's, when the District Court asked her how much street time McGuire should receive and confirmed that her recommendation was "based on [her] review of his probation compliance records in this case."  Furthermore, the initial ROV filed by Officer Heidrick in August 2021 details his recollections of various violations from the start of McGuire's sentence up to his August 4, 2021 admission of methamphetamine use, including the consumption of alcohol on July 1, 2019 and November 16, 2019.  A period of sobriety and otherwise conforming behavior then occurred from December 2019 to August 2020, which the District Court gave him credit for.  But in August 2020, McGuire was removed from group housing for drinking alcohol, and similar violations continued to occur in March 2021 and June 2021.  There were also numerous violations from September 2021 until the end of the original sentence in March 2022 that were recorded by Officer Roth in the May 2022 ROV.  Even if these violations could not independently support revocation, they were part of the probation records, and the District Court could consider them in determining whether McGuire had been in compliance during the course of his sentence.

11

¶21 McGuire argues the District Court's ruling violates our decision in *Jardee*, where we held that it is "insufficient for a district court to base a denial of street credit time solely on 'pattern' of criminal behavior." *Jardee*, ¶ 11. We explained that the State must point to an "actual violation" that "is found in the record or recollection of the probation officer." *Jardee*, ¶ 11. Here, records and recollections offered by the State point to specific violations, particularly the continued abuse of alcohol and drugs on multiple dates throughout his original sentence, as discussed above. It is true that the District Court did not write these violations into its Order, but it discussed them orally at the revocation hearing and it heard related testimony from Officer Roth. Accordingly, we conclude the District Court sufficiently conveyed its reasons for limiting street time credit to eight months.

¶22 Last, McGuire contends that the District Court erred by failing to grant him appropriate credit for time served in custody. The District Court granted 88 days of credit, 86 of which stemmed from jail time related to McGuire's later-dismissed DUI charge in 2019. The other two days were earned for time in custody on October 15, 2021, and March 7, 2022. McGuire argues that the District Court should have awarded an additional 76 days to account for jail time served on August 5-8, 2021; September 16, 2021; and May 19-July 27, 2022. The State concedes this point, and we otherwise find support in the record for McGuire's contentions. Accordingly, the District Court's determination regarding time served is reversed, and we remand to the District Court for entry of an additional 76 days of custody credit.

¶23    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶24    Affirmed in part, reversed in part, and remanded to the District Court for action consistent with this Opinion.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON