FILED

04/07/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0164

DA 18-0164

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 81

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHARLES EDWARD JARDEE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Fallon, Cause No. DC 2013-03
Honorable Nickolas C. Murnion, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Appellate Defender, Michael Marchesini, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Damon Martin, Assistant
Attorney General, Helena, Montana

            Darcy L. Wassmann, Fallon County Attorney, Baker, Montana

Submitted on Briefs:  January 22, 2020

Decided:  April 7, 2020

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Charles Edward Jardee (Jardee) appeals the order denying his request for credit for time served while he was released on bail during the pendency of his probation revocation proceeding. We affirm, and restate the issue as follows:

*Did the District Court err by denying Jardee's request for "street time" credit toward his revocation sentence under § 46-18-203(7)(b), MCA (2017)?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶2 In March of 2014, the District Court sentenced Jardee for two counts of felony partner or family member assault. Jardee was sentenced to five years in the Montana State Prison fully suspended for count one, and a consecutive five years with two years suspended for count two. Jardee began serving the seven year suspended portion of his sentence in March of 2017.

¶3 In August of 2017, the State filed a petition to revoke Jardee's suspended sentence after Jardee's girlfriend reported to law enforcement that Jardee had been drinking excessively, leading him to be verbally and physically abusive toward her. She told police Jardee had shouted obscenities at her, spit chew in her face, and broken her furniture. Upon further investigation, the State discovered numerous violations of sentencing conditions by Jardee. Jardee reported to probation and parole that he was living at 612 East Montana Avenue in Baker, Montana, but he was actually living with his girlfriend at 514 W. Fallon Avenue in Baker. Jardee also failed to register this correct address on the violent offender registry. Under the terms of his sentence, Jardee was not to "marry, cohabit with, date or socialize with any female," and he was supposed to report his correct address, not only

2

with probation and parole, but on the violent offender registry as well. Additionally, upon searching Jardee's home, police discovered a firearm, which Jardee was prohibited from possessing. Upon his arrest on or about August 3, 2017, police administered a preliminary breath test, which indicated Jardee's blood alcohol level was .09. Jardee's sentence prohibited him from consuming alcohol.

¶4 Jardee was arraigned in the revocation proceeding on September 5, 2017, after which he was released upon posting bond. In December of 2017, after hearing, the District Court found the State had proven by a preponderance of the evidence that Jardee violated the terms of his suspended sentence as alleged in the revocation petition. At a subsequent dispositional hearing, Jardee requested the District Court grant him credit against his sentence pursuant to § 46-18-203(7)(b), MCA (2017), for four months of "street time" he had served on his sentence between his release on bond and sentencing. The District Court denied Jardee's request. In its oral pronouncement, the District Court stated:

> Reasons for the sentence . . . the underlying offenses are significant, they are assaultive behavior, they are to the point that the previous sentencing Judge ordered you not to have any contact with – with women which you violated. I haven't seen that condition before. . . . it was significant and you flagrantly violated it because from the time you were released you did not . . . live with your Mother, you lived in your house with your Girlfriend. The violations of the probation are significant from the failure to reside in your residence, you basically lied about that, *you continue to lie about that to your . . . probation officer*.

(Emphasis added.) The District Court entered its Revocation, Judgment and Sentencing Order on January 29, 2018, stating in relation to Jardee's sentence:

> [T]here are numerous violations. The Defendant is 50 years old and has waited this long to get his life in [o]rder. It is apparent to the Court that the

3

Defendant has engaged in a lot of criminal thinking. The Defendant lost his job, drove under the influence of alcohol, treated [his girlfriend] poorly, who is a person he should not have been around, and the Defendant has had other violations that have not been brought before this Court. It isn't 1 or 2 things, it was a whole pattern of his life and the Defendant is asking the Court to reward him for the last 3 months of his good behavior.

The District Court revoked Jardee's suspended sentence and committed him to the Montana State Prison for five years on his first count, and two years on his second, without applying any credit for street time. Jardee appeals the denial of his request for street time credit.

## STANDARD OF REVIEW

¶5 This Court reviews a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion. Additionally, "revocation decisions involve both legal and factual findings[,]" and we review a district court's legal findings de novo and its factual findings for clear error. "A district court's factual findings are clearly erroneous if they are not supported by substantial credible evidence, if the court misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite firm conviction that a mistake has been made." *State v. Johnson*, 2018 MT 277, ¶ 10, 393 Mont. 320, 430 P.3d 494. Finally, "the interpretation and construction of a statute is a matter of law and we review whether the district court interpreted and applied a statute correctly de novo." *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819.

**DISCUSSION**

¶6    *Did the District Court err by denying Jardee's request for "street time" credit toward his revocation sentence under § 46-18-203(7)(b), MCA (2017)?*

¶7    Jardee argues the District Court erred by denying him street time credit for the period between his release on bond and his revocation sentencing because the 2017 version of § 46-18-203(7)(b), MCA, required that credit be given for any period of time where there is no "record or recollection of the probation and parole officer" that he violated the terms of his sentence. Jardee contends there was no evidence in the "record or recollection" that he committed any violation during those four months. The State responds that, while "the black and white interpretation of this statute may seem clear, the application of the statute is problematic, especially where the record reflects a pattern of repetitive non-compliance." Additionally, the State argues Jardee's argument fails to account for his pattern of non-compliance, and "the ongoing violations that permeated [Jardee's] time under supervision were circumstantially supported by the record to have continued after his release on bond."

¶8    When interpreting a statute, this Court will not look beyond its plain language if the language is clear and unambiguous. *Mont. Sports Shooting Ass'n v. State*, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003. As such, "we interpret a statute first by looking to its plain language. We construe a statute by reading and interpreting the statute as a whole, without isolating specific terms from the context in which they are used by the legislature. . . . Statutory construction should not lead to absurd results if a reasonable interpretation can avoid it." *City of Missoula v. Fox*, 2019 MT 250, ¶ 18, 397 Mont. 388,

5

450 P.3d 898 (quoting *Mont. Sports Shooting Ass'n*, ¶ 11) (internal quotations omitted).

Finally, "in construing a statute, this Court presumes that the legislature intended to make some change in existing law by passing it." *Cantwell v. Geiger*, 228 Mont. 330, 333-34, 742 P.2d 468, 470 (1987) (citing *State ex rel. Dick Irvin, Inc. v. Anderson*, 164 Mont. 513, 524, 525 P.2d 564, 570 (1974); *see also Mont. Sports Shooting Ass'n*, ¶ 15.

¶9      Prior to the 2017 revisions, § 46-18-203(7)(b), MCA, provided:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit. The judge shall state the reasons for the judge's determination in the order. Credit must be allowed for time served in a detention center or home arrest time already served.

The Legislature amended the statute in 2017 as part of a larger effort to enact reforms of Montana's criminal justice system. The statute now provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, *and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence. If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order*. Credit must be allowed for time served in a detention center or for home arrest time already served.

(Emphasis added.)

¶10      Examination of the plain language of the statute reveals that the prior version granted discretion to a sentencing court to either grant or deny credit for street time: "the judge shall consider any elapsed time and *either expressly allow* all or part of the time as a credit against the sentence *or reject* all or part of the time as a credit." (Emphasis added.) However, the 2017 version of the statute eliminates this discretion, requiring credit if there

6

have been no violations: "the judge *shall . . . allow* all of the elapsed time served without any record or recollection of violations as a credit against the sentence." (Emphasis added.) We acknowledge the State's concern that the language of the 2017 revisions could be problematic in its application, in that the parties and district court might be tasked with parsing out periods of time for compliance determination, but our precedent, cited above, requires that we apply the plain meaning of a statute when such meaning is unambiguous. Thus, here, street time credit could not be denied during the period in question merely upon the State's argument that Jardee's many probation violations "permeated" the entirety of his time on supervision. The statute now requires a specific demonstration of a "record or recollection of violations" in the period in question to defeat the credit.[1]

¶11     Consequently, it is now insufficient for a district court to base a denial of street time credit solely on a "pattern" of criminal behavior, as the District Court stated in the written judgment here. Similarly, the State's argument that Jardee's history with his girlfriend "demonstrat[ed] a pattern of manipulation [and] abuse . . . consistent with non-compliance while under supervision[,]" is insufficient because there is no evidence in the "record or recollection" demonstrating Jardee abused, manipulated, or contacted his girlfriend—actions that violated the terms of his suspended sentence—*after* his release. The State must

---

[1] The State relies upon orders issued by this Court denying street time credit in *Blacker v. O'Fallon*, No. OP 18-0530, 395 Mont. 524, 437 P.3d 116 (table) (March 26, 2019) and *Blacker v. O'Fallon*, No. OP 18-0530, 395 Mont. 522, 437 P.3d 113 (table) (February 12, 2019), but in response to those habeas corpus petitions, the State was able to produce record evidence of violations during the period in question, and we determined the petitioner had not satisfied his burden. *See* § 46-22-101, MCA. Jardee's appeal is from his revocation proceeding in which the State has the burden of proving, under the 2017 statute, whether street time should be denied. *See* § 46-18-203(6), MCA.

now point to an actual violation by the defendant, in the relevant time period, found in the record or recollection of the probation officer, to establish a basis for denial of street time credit for that period, here, between the release on bond and sentencing. Likewise, a district court must "state the reasons" for a denial of credit based upon the record or recollection of the probation officer to deny street time credit for the relevant time period. Section 46-18-203(7)(b), MCA (2017).

¶12 We conclude the District Court did so in its oral pronouncement of sentence, based upon Jardee's violation of his continuing obligation to report his proper address to probation and parole.[2] As noted above, during its oral pronouncement, the District Court stated:

> From the time you were released you did not . . . live with your Mother, you lived in your house with your Girlfriend. The violations of probation are significant from the failure to reside in your residence, you basically lied about that, *you continue to lie about that* to your . . . probation officer.

(Emphasis added.) Further, this finding is supported by a substantial evidence in the record. Jardee's probation and parole officer testified:

> Q. So, is – can you tell us what residence . . . the Defendant has reported to you as to where he's residing?
> A. He reported that he resides at 612 East Montana Avenue.
> Q. . . . has that ever changed in the last couple of years or has he always reported that address?
> A. *He's always reported that address* and when we'd meet with him during reporting I'd always . . . ask and make sure that he's at that residence only and he always assured that's the only place he was staying.

---

[2] An oral pronouncement of a sentence is a "legally effective and valid final judgment," and controls in situations in which a conflict exists between the oral and written judgments. *State v. Kroll*, 2004 MT 203, ¶ 18, 322 Mont. 294, 95 P.3d 717.

(Emphasis added.) Thus, despite always reporting to probation and parole that his residence was 612 East Montana Avenue, Jardee admitted he was actually living at 514 W. Fallon Avenue during the time the revocation proceedings were pending, although at that point his girlfriend did not also reside there. Therefore, as the District Court properly concluded, there was evidence in the record indicating that Jardee was violating the terms of his suspended sentence during the relevant period, by failing to report his correct address to probation and parole. Although it would have been helpful for this purpose for the District Court's reasoning to have been more developed, we nonetheless conclude it was sufficient to satisfy the 2017 statute.

## CONCLUSION

¶13   Under § 46-18-203(7)(b), MCA (2017), a district court has no discretion to deny credit for "street time" served under a sentence. Rather, street time must be credited for time served unless there is evidence in the record or in the recollection of the probation officer that the defendant committed a violation of his sentence during the relevant period. Here, the District Court did not err by denying street time credit for the period in question, because the court referenced a violation that had been committed by Jardee during the relevant period as demonstrated by record or recollection of the probation officer, which was supported by substantial evidence.

¶14   Affirmed.

/S/ JIM RICE

9

We concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON

Justice Laurie McKinnon, specially concurring.

¶15    In my opinion, the Court misconstrues § 46-18-203(7)(b), MCA, and reaches a conclusion which contravenes the plain language of the statute, and simply makes no sense. The Court interprets § 46-18-203(7)(b), MCA, to allow an offender credit for elapsed time between the issuance of a *petition for revocation by his probation officer* filed in the offender's *court file*, and the hearing wherein the court concludes the State has proven, in whole or part, the contents of that petition.  Under the plain language of the statute, there is a "record or recollection of violations" which the court subsequently concludes, in fact, exists.  The offender, consequently, cannot argue he is "without any record or recollection of violations," a requirement for credit for time under the statute.  The Court's interpretation of § 46-18-203(7)(b), MCA, adds a requirement not otherwise present; a judge must now consider elapsed time during a period for which there is undisputedly a record of a violation as evidenced by the court's revocation of the suspended or deferred sentence.

¶16    When a petition for revocation is filed by a probation officer and the offender is awaiting disposition on that petition, a "record or recollection of violations" has been made by the "probation [or] parole officer" by filing the petition.  Further, the court, because it

10

has revoked the offender's sentence, necessarily determined that there was at least one violation alleged in the petition proven by a preponderance of the record evidence produced at the hearing. The statute does not require the court to assess the period of time following the probation officer's filing of a petition, which constitutes the probation officer's "record and recollection" of violations, and, additionally, when the court concludes there was a violation. Such a construction is both nonsensical and contravenes the plain language of § 46-18-203(7)(b), MCA.

¶17    In 2017, the Legislature amended § 46-18-203(7)(b), MCA, as follows (added text, italicized; deleted text, strike throughs):

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, *consult the records and recollection of the probation and parole officer,* and ~~either expressly~~ allow all ~~or part~~ of the *elapsed* time *served without any record or recollection of violations* as a credit against the sentence ~~or reject all or part of the time as a credit.~~ ~~The~~ *If the judge determines that elapsed time should not be credited, the* judge shall state the reasons for the ~~judge's~~ determination in the order. Credit must be allowed for time served in a detention center or *for* home arrest time already served.

¶18    The Court reads more into the amendment than is there. First, as already discussed, under the plain language of the statute an offender whose sentence has been revoked is not entitled to credit for time pending a hearing on his revocation. However, the Court also concludes the plain language of the former version of the statute granted discretion to the judge to give credit for street time, whereas "the 2017 version of the statute eliminates this discretion, requiring credit if there has been no violations," Opinion, ¶ 10. The Court supports its conclusion by misconstruing the statute's terms: "the judge *shall . . . allow* all

of the elapsed time served without any record or recollection of violations as a credit against the sentence." Opinion, ¶ 10.

¶19 I am not convinced such a pronouncement regarding the removal of judicial discretion in giving credit for time is accurate. The plain language of the statute provides that the court "*shall consider* any *elapsed time*"; "*consult* the *records and recollection* of the probation . . . officer"; and "*allow* all of the elapsed time served *without* any record or recollection of violations as a credit." Section 46-18-203(7)(b), MCA (emphasis added). What is clearly mandatory is that a judge must consider elapsed time. However, while a judge is to "allow" credit for time served when there is no "record or recollection" of a violation, the judge still exercises discretion in determining whether there is a record or recollection of violations, following consideration of the record and consultation with the probation officer. That judicial discretion is still a factor in assessing elapsed time is buttressed by the next sentence in the statute: "*If* the judge determines that elapsed time *should not be credited*, the judge shall state the reasons for the determination in the order." Section 46-18-203(7)(b), MCA (emphasis added).

¶20 Finally, implicit in the Court's analysis, and what I find very troubling, is that under the Court's interpretation of § 46-18-203(7)(b), MCA, "all of the elapsed time served without any record or recollection of violations" potentially means that if the alleged violation did not happen on that day, then the offender gets credit, as the statute is no longer discretionary. This will involve the judge in an assessment of the type of violation; whether it was of a continuing nature; and, if so, the number of days it continued. Furthermore, an

12

offender who has not been compliant while on probation but nonetheless is given the opportunity by his probation officer to correct his behavior could presumably argue at a subsequent revocation hearing that he is entitled to the elapsed time because no formal violation was filed. At a revocation hearing, the standard of proof is preponderance of the evidence; however, the statute is silent as to the standard of proof for a "recollection" or what, short of filing a petition, constitutes a "record." While I appreciate the legislative objective of promoting rehabilitation and fairness in sentencing, the fact remains that the revoking judge—who is familiar with the original offense, imposed the original sentence, and knows the offender—can impose any sentence the judge deems appropriate and will make the necessary adjustments to allow for elapsed time the offender has served, including the time after the petition for revocation has been filed. Accordingly, the statute presents numerous obstacles for the trial courts to navigate; however, the period of time following commencement of a revocation proceeding and including the time until the court finds a violation occurred is clearly time under the statute for which an offender cannot claim that he was without a violation. By virtue of the probation officer's petition and report and the court's revocation, the record establishes a violation.

¶21 I specially concur only in the result reached by the Court, and do not believe we have correctly interpreted the statute based on the facts presented here. The Court's interpretation contravenes the plain language of the statute; were we simply to apply its terms, we inevitably would have to conclude that an offender whose suspended or deferred sentence has been revoked has a record of a violation for purposes of the statute once a

petition is filed—he is not entitled to credit for time while waiting for his revocation hearing.

/S/ LAURIE McKINNON