DA 20-0033

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 145N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JUSTIN LEE LONGTINE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DC-09-461(A),
DC-12-304(A), DC-14-376(A), and DC-19-036(A)
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Moses Okeyo, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Amy Kennison, Deputy
County Attorney, Kalispell, Montana

                        Submitted on Briefs:  May 12, 2021

                                 Decided:  June 8, 2021

Filed:

                    _____
                                 Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Justin Lee Longtine appeals an order from the Eleventh Judicial District Court, Flathead County, denying him street time credit when his probationary sentences for driving under the influence (DUI), criminal endangerment, and theft were revoked. We affirm.

¶3     In April 2012, Longtine pled guilty to theft and bail jumping in DC-09-461(A) and DC-11-294(C), respectively. The District Court deferred imposition for two years and imposed a concurrent term of six months in jail, all suspended. In July 2012, Longtine was charged with felony assault with a weapon and felony partner/family member assault in DC-12-304(A). The State filed a report of violation and a petition to revoke his deferred sentences in DC-09-461(A) and DC-11-294(C). Longtine's bond was revoked because he continued to use alcohol and he was arrested on an outstanding warrant. The report of violation indicated Longtine violated the conditions of his probation by consuming alcohol and entering bars, possessing a firearm, and failing to remain law abiding. In January 2013, Longtine pled guilty in DC-12-304(A) to an amended charge of felony criminal endangerment.

¶4 In April 2013, the District Court sentenced Longtine for his convictions in DC-09-461(A), DC-11-294(C), and DC-12-304(A). Longtine was sentenced as follows: 10 years to the Department of Corrections (DOC) with 5 years suspended in DC-09-461(A); a concurrent period of 6 months in DC-11-294(C); 20 years to the DOC, all suspended, in DC-12-304(A), and consecutive to his sentence in DC-09-461(A). Longtine entered Connections Corrections in October 2013. Two months later he transitioned to the Billings Pre-release Center. Longtine was granted a conditional release in June 2014.

¶5 Longtine's conditional release was revoked after he was arrested for felony DUI, DC-14-376(D), in October 2014. For this new offense, Longtine was sentenced to 13 months to the DOC, followed by 5 years of probation. The sentence was imposed consecutive to his sentences in DC-09-461(A), DC-11-294(C), and DC-12-304(A). Longtine was granted conditional release in November 2015.

¶6 In late 2016, Longtine violated his conditional release by not maintaining employment and driving without approval. He was placed in the Intensive Supervision Program (ISP) in January and remained in ISP until June of 2017. In April 2018, Longtine was unemployed and tested positive for cocaine. Following the test, he absconded from supervision. Longtine's concurrent sentences in DC-09-461(A) and DC-11-294(C) began to run in August 2018. However, he was classified as "non-compliant" because he had not reported since April 2018. Longtine's probation officer filed an affidavit and addendum regarding his absconder status and recommended he not receive credit for street time. The State filed petitions to revoke and the

District Court issued bench warrants for his arrest. Longtine was arrested for his second DUI offense in January 2019, in DC-19-036(A). A revocation hearing was scheduled for February 2019.

¶7 Longtine pled not guilty to his January 2019 DUI offense and denied the alleged probation violations in DC-09-461(A), DC-12-304(A), and DC-14-376(D). The revocation hearing was continued twice so Longtine could complete a chemical dependency evaluation. On June 27, 2019, Longtine appeared by telephone for a change of plea hearing. Longtine pled guilty to the DUI charge in DC-19-036(A) and admitted to violating his probationary sentences. Longtine also asserted he told his probation officer about his employment change and change in residence, but did not hear back through email, which was his primary form of communication with his probation officer. The District Court revoked his probationary sentences and set a combined sentencing and dispositional hearing for November 14, 2019.

¶8 The District Court evaluated the probation officer's affidavit and addendum, and a presentence investigation report (PSI) pertaining to DC-19-036(A). The PSI indicated Longtine "report[ed] some sobriety with SCRAM since his release," but failed to complete the chemical dependency evaluation. Longtine declined to speak at the dispositional hearing. Regarding DC-19-036(A)—the January 2019 DUI charge—the District Court sentenced Longtine to the DOC for 13 months followed by 5 years on probation, with 3 days credit. The sentence would run consecutively to the following sentences: DC-09-461(A)—the theft charge—5 years to the DOC, suspended, with 128 days served; DC-12-304(A)—the amended charge of criminal endangerment—

4

10 years to the DOC, suspended, with 128 days served; DC-14-376(D)—the October 2014 DUI charge—5 years to the DOC, suspended, with 133 days served. The net sentence imposed on Longtine was a 13-month commitment to the DOC followed by a 20-year commitment to the DOC, all suspended. The District Court did not grant any "good street time credit" to Longtine due to continued violations of his probationary conditions. In December 2019, Longtine filed a motion to conform the oral and written judgments to reflect the correct amount of actual street time credit. The District Court denied the motion concluding the amended judgment and sentence conformed with the oral pronouncement.

¶9 On appeal, Longtine asserts the District Court did not have authority to deny him street time credit without an evidentiary hearing.

¶10 "This Court reviews a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion." *State v. Jardee*, 2020 MT 81, ¶ 5, 399 Mont. 459, 461 P.3d 108. "Additionally, revocation decisions involve both legal and factual findings[,] and we review a district court's legal findings de novo and its factual findings for clear error." *Jardee*, ¶ 5. "A district court's factual findings are clearly erroneous if they are not supported by substantial credible evidence, if the court misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite firm conviction that a mistake has been made." *Jardee*, ¶ 5 (citing *State v. Johnson*, 2018 MT 277, ¶ 10, 393 Mont. 320, 430 P.3d 494).

¶11 Although Longtine failed to object to the District Court's denial of street time credit, we will nonetheless address the issue on appeal. Longtine argues he was entitled

5

to 154 days of street time credit in DC-09-461(A) for the time between August 2018 and January 2019. Section 46-18-203(7)(b), MCA, provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence. If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order. Credit must be allowed for time served in a detention center or for home arrest time already served.

This Court has held the statute now requires a specific demonstration of a "record or recollection of violations" in the period in question to defeat the credit. *Jardee*, ¶ 11. Thus, a district court must "state the reasons" for a denial of credit based upon the record or recollection of the probation officer before street time credit may be denied for the relevant time period. *Jardee*, ¶ 11. Longtine asserts, based on *Jardee*, the District Court did not provide reasons for a denial of credit during the time he was on probation. However, the District Court utilized the probation officer's affidavit and addendum to the report of violation, in addition to the PSI in its determination that Longtine had not adhered to the conditions of probation. Accordingly, the District Court was informed that Longtine failed to report a change in address and employment, possessed a firearm, consumed alcohol and entered bars, and failed to abide by laws. The District Court indicated it had "consulted" these sources of information in determining that Longtine was not entitled to credit for street time. We conclude the District Court did not err in denying Longtine credit for street time.

¶12 Longtine additionally argues the District Court could not consider the affidavit or addendum to the report of violation as proof of whether he had adhered to probation

6

conditions in its decision to deny street time credit. Both the report of violation and the PSI confirmed Longtine's absconder status when he was arrested in January 2019 for his second DUI offense. The report of violation included statements from Longtine's probation officer recommending he not receive street time credit. Additionally, the PSI detailed that Longtine failed to report for his chemical dependency evaluation. At the revocation hearing, Longtine confirmed he had not reported to his probation officer in April 2018 due to an inability to reach her by email. Longtine also confirmed he had not informed his probation officer of the change of address and employment by writing—a requirement of his probation conditions. We conclude the District Court was permitted to consider this information when it denied street time credit between the time Longtine began serving his probation, August 2018, and when he was arrested for his second DUI offense, January 2019.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

7