FILED

08/02/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0049

DA 21-0049

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 155N

STATE OF MONTANA,

> Plaintiff and Appellee,

v.

ROBERT WINSTONE,

> Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2015-194
Honorable Jason Marks, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

William Boggs, Attorney at Law, Missoula, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant
Attorney General, Helena, Montana

Kirsten H. Pabst, Missoula County Attorney, Brittany Williams, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  June 8, 2022

Decided:  August 2, 2022

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Robert Winstone appeals the Fourth Judicial District Court's Judgment revoking his four-year suspended sentence for Driving a Motor Vehicle While Under the Influence of Alcohol (DUI), Fourth Offense.  Winstone appeals only the court's denial of street time credit.  We affirm.

¶3     In 2015, Winstone pleaded guilty to a fourth-offense DUI, under § 61-8-401(1)(a), MCA (2013).[1]  Pursuant to § 61-8-731(1)(a)-(b), MCA (2013), the District Court sentenced him to thirteen months with the Department of Corrections (DOC) for placement in the Warm Springs Addiction, Treatment, and Change (WATCh) program, followed by a consecutive, suspended four-year DOC commitment.  Winstone completed the WATCh program early and served the remainder of his thirteen-month sentence—approximately six months and eleven days—on probation, in accordance with § 61-8-731(1)(a), MCA (2013).  At the end of the thirteen-month period, Winstone began his suspended four-year DOC commitment.  Approximately eleven months into his four-year sentence, the District Court conditionally discharged Winstone on December 6, 2017, which resulted in a

---

[1] The parties agree that the 2013 DUI statutes applied at the time of Winstone's offense.

subsequent period of unsupervised probation. On May 10, 2018, the State filed a petition to revoke Winstone's suspended sentence, following a fifth DUI violation. In September 2018, the court revoked and continued Winstone's probationary sentence with the added condition that he obtain an updated chemical dependency evaluation.

¶4     Following this revocation, Winstone had multiple probation violations, starting with a theft charge in October 2018. His probation officer, Sandra Fairbank, attempted to work with him initially, but the State ultimately filed another petition to revoke Winstone's sentence in January 2020. Fairbank reported that Winstone committed three noncompliance violations: living in his vehicle and failing to inform Fairbank of his whereabouts; missing a scheduled appointment and failing to report to Fairbank in December 2019; and driving while suspended, failing to appear, and operating a motor vehicle without liability insurance in December 2019. She reported also the following two compliance violations: failing to begin screening for Veteran's Treatment Court; and failing to engage in chemical dependency treatment. The court continued the revocation hearing at Winstone's request.

¶5     After two more continuances, the State filed two supplemental petitions to revoke Winstone's sentence. The first, filed in February 2020, contained another report of violations from Fairbank, stating that Winstone committed two more noncompliance violations and one compliance violation: failing to notify Fairbank of his whereabouts, while continuing to live in his vehicle or with friends; receiving citations for criminal theft and misdemeanor trespass to property and failing to inform Fairbank of these citations; and failing to re-engage in chemical dependency treatment. In July 2020, the State filed a

second supplemental petition, along with another report of violations from Fairbank stating that Winstone committed two noncompliance violations and two compliance violations in July 2020: providing Fairbank an invalid home address and failing to notify her of his whereabouts; missing a scheduled appointment; failing to reengage in drug testing; and missing a scheduled appointment to begin a chemical dependency evaluation.

¶6     The District Court held an evidentiary hearing in October 2020.  Fairbank testified that Winstone had not complied with alcohol and drug testing since September 18, 2018, and that he had been overall "very non-compliant" with his conditions of probation.  She described Winstone's ongoing violations between September 2018 and October 2020, including his failure to enroll in the Veteran's treatment court, his failure to attend counseling, and his failure to apprise Fairbank of his whereabouts or to provide her with contact information.  Fairbank testified also that Winstone tested positive for drugs or alcohol on multiple occasions during compliance monitoring but that he generally refused to provide samples when requested.  She stated that the Office of Probation and Parole had tried "multiple interventions" to help Winstone through his probation period, but those efforts all had been unsuccessful.  Fairbank clarified that, although her reports of violation referenced specific instances of noncompliance, Winstone's probation violations were continuous and ongoing after September 18, 2018.  Fairbank did not include in the petitions to revoke the numerous violations Winstone committed prior to January 2020 because she attempted to work with him informally during that period.  Fairbank maintained, however, a chronological log of Winstone's probation violations during that time.

¶7    The District Court determined that Winstone was in violation of his conditions of probation and revoked his sentence. The court held another hearing in November 2020 to determine Winstone's eligibility for "street time" and "time served" credit. Fairbank testified again, this time describing the violations listed in her chronological log, with a special focus on the period between September 2018 and December 2019. She discussed specific dates of violations during that time, including multiple dates when Winstone tested positive for methamphetamine or refused urinalysis tests, dates when he "absconded," dates when he was arrested, and dates when he missed scheduled appointments. In addition, Fairbank testified to much of the same information from the previous hearing—that Winstone generally was noncompliant during this period by failing to disclose his whereabouts, failing to provide valid contact information, and failing to participate in chemical dependency treatment. Fairbank testified that Winstone's noncompliance with the conditions of his supervision had been ongoing since September 2018.

¶8    At the end of the hearing, the court stated that Winstone was entitled to one year and ten months of street time credit and sixty-two days of time served in custody. The court explained how it had arrived at that number. First, the court excluded the thirteen-month "active portion" of Winstone's sentence from its calculation of street time, even though Winstone served seven of those months on probation. The court then calculated that Winstone had been compliant with probation from the time his four-year suspended sentence began in December 2016 until the State charged him with theft in October 2018. Because the court previously had continued Winstone's probation in 2018, it granted him street time despite the violations that led to his September 2018 revocation.

5

On December 1, 2020, the court sentenced Winstone to a four-year DOC commitment and recommended placement in a chemical dependency program followed by placement in a pre-release program. The court applied the street time and time served credit calculated at Winstone's November hearing.

¶9 We review a district court's decision to revoke a suspended sentence for abuse of discretion. *State v. Jardee*, 2020 MT 81, ¶ 5, 399 Mont. 459, 461 P.3d 108. Revocation decisions involve "both legal and factual findings, and we review a district court's legal findings de novo and its factual findings for clear error." *Jardee*, ¶ 5. Findings of fact are clearly erroneous "if they are not supported by substantial credible evidence, if the court misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite firm conviction that a mistake has been made." *Jardee*, ¶ 5 (citation omitted). Finally, we review "the interpretation and construction of a statute" de novo. *Jardee*, ¶ 5.

¶10 Section 61-8-731(1)(a)-(b), MCA (2013), states that a person convicted of a fourth DUI shall be punished by:

> (a) sentencing the person to the department of corrections for placement in an appropriate correctional facility or program for a term of 13 months. The court shall order that if the person successfully completes a residential alcohol treatment program operated or approved by the department of corrections, the remainder of the 13-month sentence must be served on probation . . . [and]
> (b) sentencing the person to either the department of corrections or the Montana state prison or Montana women's prison for a term of not more than 5 years, all of which must be suspended, to run consecutively to the term imposed under subsection 1(a).

The District Court sentenced Winstone to a thirteen-month commitment for placement in the WATCh program pursuant to subsection (1)(a) followed by a consecutive four-year suspended DOC sentence pursuant to subsection (1)(b). *See* § 61-8-731(1)(a)-(b), MCA (2013).

¶11 Section 46-18-203(7)(b), MCA, provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence. If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order . . . .

Winstone contends that the District Court should have included in his street time credit the six-month period of probation he served without incident during the custodial portion of his sentence under subsection (1)(a). He contends further that he was entitled to additional street time for periods of compliance after October 2018.

¶12 The District Court did not revoke the thirteen-month custodial portion of Winstone's sentence imposed under subsection (1)(a); it revoked the consecutive four-year suspended portion of his sentence imposed under subsection (1)(b). The revocation judgment reimposed only that four-year term. Because the court revoked only the suspended portion of Winstone's sentence, it correctly considered only the "elapsed time served" during his suspended sentence. *See* § 46-18-203(7)(b), MCA. The court did not err as a matter of law when it failed to credit Winstone for the six months and eleven days he was on probation in 2016.

¶13 Winstone asserts, in a single paragraph for the first time in his reply brief, that interpreting § 61-8-731(1)(a)-(b), MCA (2013), as imposing two distinct consecutive sentences amounts to a double jeopardy violation, under Article II, Section 25, of the Montana Constitution. But "[w]e will not address the merits of an issue presented for the first time in a reply brief on appeal." *State v. Makarchuk*, 2009 MT 82, ¶ 19, 349 Mont. 507, 204 P.3d 1213 (quoting *Pengra v. State*, 2000 MT 291, ¶ 13, 302 Mont. 276, 14 P.3d 499). In any event, Winstone's sentence is not facially invalid. The District Court did not sentence Winstone twice for the same offense. Winstone's sentence, in accordance with § 61-8-731, MCA (2013), had an "active" custodial portion and a suspended portion. Winstone completed the active portion of his sentence in December 2016, at which time he began serving the suspended portion of his sentence. The court did not resentence Winstone on the active portion of his sentence; it resentenced him on only the four-year suspended sentence.

¶14 Finally, Winstone asserts that the District Court erred in its computation of street time because it failed to consider periods of compliance between October 2018 and November 2020. Citing *Jardee*, ¶ 11, Winstone claims that the court improperly based its denial of street time credit on a "pattern" of criminal behavior rather than denying credit only for the specific time periods during which the violations had occurred.

¶15 The court stated on the record that Winstone "picked up a theft charge on October 13, 2018," which was followed by "a number of other things." Fairbank's testimony established that Winstone had not only isolated probation violations after his first revocation in September 2018 but that he was continuously noncompliant with the

8

conditions of his probation by failing to participate in chemical dependency, failing to keep Fairbank apprised of his whereabouts, and either failing or refusing urinalysis tests. Though *Jardee* prohibits courts from denying credit based only on a pattern of criminal behavior, it does not bar the denial of credit when a defendant fails to participate in his program of supervision. Substantial credible evidence supports a finding that Winstone failed to participate in his probation at least as early as October 2018. Indeed, we affirmed the denial of street credit under similar circumstances in *Jardee*, where the defendant resided at an address different from the one he had reported to probation and parole. *See Jardee*, ¶¶ 12-14. Sufficient evidence supported the District Court's determination that Winstone was not entitled to credit after October 2018, and the court thoroughly explained its computation of street time on the record.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The District Court followed the applicable statutes and did not err in its computation of street time credit when it revoked Winstone's four-year suspended sentence. We therefore affirm the court's Judgment.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON

9