FILED

06/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0572

DA 21-0572

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 128N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JAMES LOWELL MYRAN,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                  In and For the County of Custer, Cause No. DC-2004-39
                  Honorable Michael B. Hayworth, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Chad Wright, Appellate Defender, Carolyn M. Gibadlo, Assistant
           Appellate Defender, Helena, Montana

       For Appellee:

           Austin Knudsen, Montana Attorney General, Michael P. Dougherty,
           Assistant Attorney General, Helena, Montana

           Wyatt A. Glade, Custer County Attorney, Shawn Quinlan, Deputy
           County Attorney, Miles City, Montana

Submitted on Briefs:  May 31, 2023

Decided:  June 27, 2023

Filed:

                             _____
                                   Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James Lowell Myran appeals from the September 21, 2021 Judgment, Order Finding Violation of Suspended Sentence, and Imposition of Final Sentence of the Sixteenth Judicial District Court, Custer County, on the grounds that the District Court failed to properly credit him for all his elapsed time. We affirm.

¶3 On February 15, 2005, pursuant to a plea agreement, Myran pled guilty to one felony count of sexual assault and one felony count of sexual intercourse without consent. On April 5, 2005, Myran was sentenced to 20 years at Montana State Prison (MSP), with 16 years suspended on each count, to run concurrently.

¶4 Myran discharged his term of imprisonment in 2009 and began serving the suspended portion of his sentence. On April 18, 2014, the State petitioned to revoke the suspended portion of his sentence. On June 20, 2014, the District Court revoked Myran's sentence and resentenced him to 16 years at MSP with eight years suspended. Pursuant to § 46-18-203(7)(b), MCA (2013), the court gave Myran credit for three years of "street" time and 75 days' credit for time served. However, the court declined to give Myran credit

for the periods of June 8, 2012, through September 30, 2012, and October 15, 2012, through February 22, 2014—a total of 641 days.

¶5     On April 7, 2021, Myran discharged his custodial sentence and began serving his probationary sentence in the community.  On July 8, 2021, the State again petitioned for revocation, alleging that Myran failed to engage in community-based sex offender treatment, as required as a condition of his probation.  The District Court held adjudication and dispositional hearings on September 20, 2021, at which time it found that Myran had materially violated the terms of his suspended sentence.  It revoked his concurrent eight-year suspended sentences and resentenced him to eight years at MSP with none suspended on each count, to run concurrently.  The court gave Myran credit for 22 days of elapsed time and 71 days of time served against his new sentence.

¶6     On appeal, Myran argues that he was also entitled to credit for the 641 days not credited to him on his previous revocation.  Relying on the current version of § 46-18-203(7)(b), MCA, as amended in 2017, and related case law, Myran asserts that the pre-2017 version of the statute gave the sentencing court discretion as to whether or not to award credit for elapsed time, but the current version requires that such credit be awarded.  Thus, he argues that this Court should reverse and remand to the District Court for an amended judgment that awards him credit for a total of 734 days.

¶7     Calculating credit for time served is not a discretionary act, but a legal mandate.  As such, a trial court's determination of credit for time served is reviewed for legality and this Court exercises de novo review.  *State v. Pennington*, 2022 MT 180, ¶ 18, 410 Mont. 104, 517 P.3d 894.

¶8 Prior to 2017, § 46-18-203(7)(b), MCA, provided the sentencing court with discretion to either grant or deny credit for elapsed, or "street," time. *State v. Jardee*, 2020 MT 81, ¶ 10, 399 Mont. 459, 461 P.3d 108. However, the 2017 amendments eliminate this discretion and require that the sentencing court award elapsed time credit if there have been no violations. *Jardee*, ¶ 10. In this case, Myran argues that, although the District Court had the discretion to deny him street time credit when it revoked his suspended sentence in 2014, it was required to give him credit for this previously uncredited time when it revoked his suspended sentence for a second time in 2021. The State disagrees, arguing that a plain reading of the applicable version of § 46-18-203(7)(b), MCA, demonstrates that elapsed time is awarded only for the suspended or deferred sentence that is being revoked; in this case, the revoked sentence is the one imposed on June 20, 2014. Thus, the 641 days of credit that the District Court chose not to award when it imposed the 2014 sentence were no longer at issue when the District Court revoked the suspended portion of the 2014 sentence in 2021.

¶9 We agree with the State. Under § 46-18-203(7)(a)(iii), MCA, the judge may revoke the suspension of the sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence. In this case, the District Court imposed a new, legal sentence when it revoked Myran's suspended sentence in 2021. It properly credited Myran for elapsed time pertinent to that sentence.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA