ORIGINAL



FILED

08/20/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0249

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0249

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JOHN EVERETT ELLSWORTH FRY,

Defendant and Appellant.

ORDER

FILED

AUG 20 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellant John Everett Ellsworth Fry appeals from the April 10, 2023 Judgment on Revocation of Deferred Sentence of the Twenty-First Judicial District Court, Ravalli County, in its Cause No. DC-18-192. Fry argues the court erred by failing to give him sufficient credit for time served.

At a dispositional hearing on March 8, 2023, Fry argued for jail time credit from April 2, 2022, to July 5, 2022. This was a period after the State served him with a Ravalli County warrant on its petition to revoke, and he remained incarcerated in Missoula County. The State transported Fry to Ravalli County on July 5, 2022. Citing *State v. Jardee*, 2020 MT 81, 399 Mont. 459, 461 P.3d 108, Fry argued he was also entitled to elapsed time credit from February 19, 2019, through August 27, 2021, which is when Fry cut off his court-ordered GPS unit.

The State calculated that Fry was entitled to 165 days of jail time credit, but it did not include the period from April 3, 2022, until July 5, 2022.

The District Court revoked Fry's deferred imposition of sentence on March 8, 2023. It committed him to three years with the Department of Corrections with no time suspended and awarded him 165 days of jail time credit, but no elapsed time credit.

The State has filed a Notice of Concession that this matter should be remanded to the District Court for the purpose of entering an amended sentence and judgment. If a

defendant is incarcerated on another matter or within another jurisdiction and an arrest warrant on a different charge is issued, the defendant must receive credit for time served "for the different charge from service of the arrest warrant to sentencing, even if the defendant may also have been incarcerated on another matter." *State v. Crazymule*, 2024 MT 58, ¶ 11, 415 Mont. 536, 545 P.3d 66 (quoting *Killam v. Salmonsen*, 2021 MT 196, ¶ 17 n.7, 405 Mont. 143, 492 P.3d 512). In this case, Fry was served with the Ravalli County arrest warrant while he was incarcerated in Missoula on April 3, 2022. Thus, the District Court erred when it did not award him jail time credit from April 3, 2022, until his first appearance in Ravalli County on July 5, 2022—a total of 93 days.

Furthermore, § 46-18-203(7)(b), MCA, requires a sentencing court to give credit for elapsed time served "without any record or recollection of violations." The court can only deny credit if it makes a "specific demonstration of a 'record or recollection of violations' in the period in question." *Jardee*, ¶¶ 9-10. In this case, the first "specific demonstration of a record" of a probation violation occurred May 13, 2021, when Fry admitted to using methamphetamine since April 13, 2021. The date of his original sentence, February 6, 2019, to his first record of a probation violation on April 13, 2021, amounts to 797 days, for which Fry is entitled to elapsed time credit.

Without agreeing with all arguments Fry raised, the State agrees Fry is entitled to an additional 93 days' credit for jail time served and an additional 797 days of elapsed time credit.

Based on Fry's opening brief and the State's concession, and good cause appearing,

IT IS HEREBY ORDERED that this case is REMANDED to the Twenty-First Judicial District Court, Ravalli County, with instructions for the District Court to amend its Judgment to provide Fry credit with an additional 890 days served.

IT IS FURTHER ORDERED that the remainder of this appeal is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that REMITTITUR shall issue IMMEDIATELY UPON REMAND.

The Clerk is directed to provide copies of this Order to all counsel of record and to presiding judge Honorable Howard F. Recht.

DATED this 20 day of August, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices