

FILED

01/14/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0709

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0709

HARLAN GERALD VASKA,

Petitioner,

v.

WARDEN GODFREY,
CROSSROADS CORRECTIONAL FACILITY,

Respondent.

**FILED**

JAN 1 4 2025

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Self-represented Petitioner Harlan Gerald Vaska has filed a Petition for Writ of Habeas Corpus, indicating that his sentence is illegal because it is longer than the law allows and requesting elapsed time credit from September 23, 2015 to June 22, 2017, the date of his sentence upon revocation. The State of Montana responds that Vaska is entitled to a portion of his requested elapsed time credit.

The State provides more details about Vaska's sentencing history. Vaska pleaded guilty to felony driving under the influence of alcohol or drugs, fourth or subsequent offense. On September 23, 2010, the Twentieth Judicial District Court, Lake County, committed Vaska to the Montana State Prison (MSP), for a fifteen-year term with ten years suspended after designating him as a persistent felony offender (PFO).[1] Vaska began his supervision on May 3, 2013. After completing Intensive Supervision Program as a sanction in 2014, he began serving his ten-year suspended sentence in September 2015. Vaska had no violations of his conditions from September 2015 to April 2016.

---

[1] As demonstrated in the State's attachments and this Court's prior Orders, the District Court later amended the written judgment to conform with the oral pronouncement of sentence where the minute entry reflected a sentence to MSP and noted the PFO designation. *See Vaska v. McTighe*, No. OP 18-0675, Order (Mont. Dec. 11, 2018) and *Vaska v. Godfrey*, No. OP 24-0491, Order (Mont. Sept. 10, 2024).

After several violations including an arrest, new misdemeanor charges, and positive drug tests for marijuana, the State petitioned to revoke Vaska's suspended sentence on February 17, 2017. On June 22, 2017, in open court, the court revoked Vaska's sentence and sentenced him to MSP as a persistent felony offender for an unsuspended, ten-year term. The court awarded credit for time served of five days. The court stated: "The Defendant shall not receive credit for any other elapsed probationary time due to his violations of probation." Vaska did not appeal.

Vaska states that "the District Court failed to apply § 46-18-203(7)(b), MCA[,] to [his] case . . . ." Citing to *State v. Jardee* and the 2017 version of this statute, Vaska contends that he is entitled to almost two years of elapsed time credit. 2020 MT 81, ¶ 10, 399 Mont. 459, 461 P.3d 108. He provides that he was on probation from September 23, 2015 to June 22, 2017, "without violation or incident." He puts forth that the District Court has a mandatory duty to award him the time pursuant to the statute.

The State responds that this Court should remand the underlying matter to the District Court to amend Vaska's revocation judgment to include credit for elapsed time served from September 23, 2015 to April 1, 2016. The State points out that Vaska did not violate during that time frame. Section 46-18-203(7)(b), MCA (2015).[2] The State contends that Vaska is not entitled to credit for time served after April 1, 2016 until his June 22, 2017 sentencing upon revocation, according to the record of violations. Section 46-18-203(7)(b), MCA (2017).[3] The State adds that the District Court was correct when it denied elapsed time credit for the other time frame.

Given the State's concession about the partial elapsed time credit that Vaska is due

---

[2] The State gives both the 2015 and 2017 versions of the statute, § 46-18-203(7)(b), MCA, highlighting the 2017 amendments. Relying on § 46-18-203(12), MCA (2017) and *State v. Oropeza*, the State retroactively applies "probation and parole reforms . . . ." 2020 MT 16, ¶ 4, 398 Mont. 379, 456 P.3d 1023.

[3] The 2017 Montana Legislature amended § 46-18-203(7)(b), MCA, effective on May 19, 2017. 2017 Mont. Laws Ch. 391, § 1. This version of the statute would apply to Vaska's sentence upon revocation which occurred in June 2017 in open court.

in his sentence upon revocation, we conclude that it is appropriate to remand the matter to the Lake County District Court for amendment of its July 20, 2017 Judgment. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. Therefore,

IT IS ORDERED that Vaska's Petition for Writ of Habeas Corpus is GRANTED in part and Vaska's underlying criminal matter, Cause No. DC-09-136, is REMANDED to the Twentieth Judicial District Court, Lake County, to AMEND its Judgment to include only elapsed time credit from September 23, 2015 to April 1, 2016, prior to his reported violations while on probation.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable Robert G. Olson, District Court Judge; Lyn Fricker, Clerk of District Court, under Cause No. DC-09-136 and for distribution to counsel of record there; Shari Puryer, Judicial Assistant for Department 2; counsel of record; and Harlan Gerald Vaska personally.

DATED this 14 day of January, 2025.

_____
Chief Justice

_____

_____

_____

_____
Justices

3