FILED

03/17/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0367

DA 24-0367

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 57N

STATE OF MONTANA,

       Plaintiff and Appellee,

   v.

SANCHA MARIE VALENZUELA,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-22-135
Honorable David J. Grubich, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Darcy Critchfield, Attorney at Law, PLLC, Billings, Montana

      For Appellee:

         Austin Knudsen, Montana Attorney General, Brad Fjeldheim, Assistant Attorney General, Helena, Montana

         Joshua A. Racki, Cascade County Attorney, Amanda L. Lofink, Deputy County Attorney, Great Falls, Montana

                        Submitted on Briefs:  February 4, 2026

                                   Decided:  March 17, 2026

Filed:

                       _____
                                 Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On November 30, 2022, the Eighth Judicial District Court sentenced Sancha Marie Valenzuela to a three-year deferred sentence on each of two counts of criminal possession of dangerous drugs, to run concurrently. The court placed numerous conditions on Valenzuela's deferred sentence. The court revoked the deferred sentence in April 2024 and committed her to the Department of Corrections. It awarded Valenzuela concurrent three-year terms with 172 days credit for time served and 148 days for elapsed ("street") time. Valenzuela challenges the street time credit on appeal. With the exception of four additional days, we affirm.

¶3 On December 1, 2022, Valenzuela reported to Mark Hilyard, her supervising officer, and signed the conditions of her deferred sentence. On December 5, 2022, Officer Hilyard learned that Valenzuela had changed her residence without obtaining approval. On January 12, 2023, Officer Hilyard noted a violation when authorities arrested Valenzuela during a home check, and she was found with drug paraphernalia. Between then and February 8, 2023, Officer Hilyard recorded numerous missed or positive urinalysis tests. Until Valenzuela's next violation for failure to report a change of address on July 7, 2023,

Officer Hilyard did not keep a clear record of Valenzuela's compliance with the conditions of her deferred sentence. From July 19, 2023, to February 5, 2024, Officer Hilyard logged several more of Valenzuela's violations, including missing or testing positive on over two dozen urinalysis tests, possession of drug paraphernalia during a home check, failure to engage in treatment or provide Officer Hilyard with information regarding her treatment, allowing her GPS tracking unit to lose charge, providing false addresses for claimed residences, and failure to show for home checks and appointments. After sometime in September 2023, Valenzuela communicated with Officer Hilyard only by text message despite his attempts to meet her in person.

¶4     On February 8, 2024, the State petitioned to revoke Valenzuela's deferred sentence supported by an affidavit and report of violation from Officer Hilyard. The petition alleged four violations of her conditions: (1) that Valenzuela failed to provide an accurate residence address and had moved to another address without permission; (2) that she had not attended her drug treatment for the last two sessions; (3) that Valenzuela was unable to obtain employment; and (4) that her failure to attend drug treatment sessions and limiting contact with Officer Hilyard to text messages amounted to absconding.

¶5     Valenzuela pleaded true to all four counts at the April 2024 evidentiary hearing. At the disposition hearing, Officer Sean Ibsen read from Officer Hilyard's notes, testifying to the above facts.

¶6     Valenzuela contends that the District Court misinterpreted and misapplied § 46-18-203(7)(b), MCA (2023), in determining credit for elapsed time. She alleges that

the District Court did not properly regard the probation officer's record in assessing credit for elapsed time, and its sentence therefore was unlawful. Noting that the District Court specifically allocated the 148 days of elapsed time to between February 9, 2023, and July 6, 2023, the State concedes that Valenzuela's compliance with her conditions from December 1, 2022, to December 4, 2022, should be added to her elapsed time. The State asks this Court to remand with instruction to the District Court to add four days of elapsed time credit to Valenzuela's sentence. In response, Valenzuela notified the Court of her intent not to file a reply brief.

¶7 We review for legality a district court's calculation of credit for time served. *State v. Shewalter*, 2025 MT 202, ¶ 8, 424 Mont. 76, 575 P.3d 960. That calculation is not a matter of court discretion but a legal mandate reviewed de novo. *Shewalter*, ¶ 8. We review factual findings supporting the court's calculations for clear error. *State v. Jardee*, 2020 MT 81, ¶ 5, 399 Mont. 459, 461 P.3d 108.

¶8 Section 46-18-203(7)(b), MCA (2023), provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollections of the probation and parole officer, and allow for the elapsed time served without any record or recollection of violations as credit against the sentence. If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order. Credit must be allowed for time served in a detention center or for home arrest time already served.

The State must "point to an actual violation by the defendant, in the relevant time period, found in the record or recollection of the probation officer, to establish a basis for denial of street time credit for that period . . . ." *Jardee*, ¶ 11. A district court may not base denial

of credit solely on a "pattern" of criminal behavior; it may, however, consider violations to be "continuous if the record or recollection of the probation officer supports such conclusion." *Shewalter*, ¶ 18 (citing *Jardee*, ¶¶ 11-12).

¶9 Though the District Court's order does not provide calculations for elapsed time served, the court made the following findings and conclusions in its oral pronouncement at the disposition hearing:

> [Y]ou're probably not going to be surprised that I find that you didn't do very well at all. We just heard lengthy testimony from Officer Ibsen about numerous violations, and when I said it would have been shorter to just list the days you didn't violate, I meant it. It was a long list—nearly almost every day for months of positive UAs, missed UAs. Probably just as many missed UAs as you had positive UAs. Other issues with GPS violations; you had a couple of jail sanctions. You're not reporting to Officer Hilyard like he's asking you to.
>
> .   .   .
>
> I find that, at least as to street time, there is that amount of time that [defense counsel] addressed where we kind of have a not a very clear picture of what happened or whether there are any clear violations. And I think that based on that, you're entitled to that time, but I think that [the prosecution's] conclusion as to street time is more appropriate here, as opposed to the amount of time that was found in [defense counsel's] brief . . . .
>
> .   .   .
>
> [W]e had testimony here today, and based on that, I'm going to – she's entitled to 148 days of street time. That's the number I'm going with here. Frankly, I think that probably it should be even less, but I'm going to go with what the State gave me. Time served is 172 days . . . .

¶10 The District Court stated its reasoning for concluding that Valenzuela should not receive credit for her elapsed time. It determined, based on the records of Officer Hilyard and Officer Ibsen's testimony, that Valenzuela's violations were so extensive from

5

December 5, 2022, until February 8, 2023, and from July 7, 2023, to February 5, 2024, that they supported the conclusion of a continuous violation during those time periods. Substantial evidence supports the court's findings. Valenzuela's whereabouts were often unknown to Officer Hilyard despite his attempts to contact her and make home visits. Valenzuela missed or tested positive on over thirty urinalysis tests in less than nine months. She also changed her residence without Officer Hilyard's approval, had two jail sanctions, and committed GPS violations. After September 2023, Valenzuela communicated with Officer Hilyard only by text message. The District Court specifically credited 148 days for elapsed time for the period between the recorded violations on February 8, 2023, and July 7, 2023, when Officer Hilyard had not kept clear record or recollections. During this time, Officer Hilyard still logged failed attempts to communicate with Valenzuela about her drug treatments and securing employment.

¶11 Valenzuela breaks her elapsed time down into multiple periods of limited duration. But statute does not require the court to restate each violation and determine elapsed time by daily accounting. *See Shewalter*, ¶ 18; *State v. Johnson*, 2022 MT 216, ¶ 29, 410 Mont. 391, 519 P.3d 804. Instead, the court must state its reasoning for not crediting elapsed time, and that reasoning must be attributable to the time periods indicated in the record and recollections of the supervising officer. Section 46-18-203(7)(b), MCA (2023).

¶12 The only time that record evidence does not support Valenzuela's repeated and ongoing violations for which the District Court did not account was the first four days of supervision. The State concedes this fact. The District Court attributed the 148 days of

credit for time elapsed to the period between February 9, 2023, and July 6, 2023. Valenzuela is thus entitled to an additional four days of elapsed time for her compliance with the conditions of her deferred sentence between December 1, 2022, and December 5, 2022. We remand to the District Court with instruction to amend its judgment and add four days of elapsed-time credit, totaling 152 days.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. With exception of the additional days discussed above, the District Court's interpretation and application of the law were correct, and its findings are not clearly erroneous. The case is remanded for issuance of an amended judgment.


/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY
/S/ JIM RICE