FILED

09/13/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0340

DA 21-0340

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 178

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

LEAH VERNA GUDMUNDSEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 19-46
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Rachel G. Inabnit, Law Office of Rachel Inabnit, PLLC, Missoula,
Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

          Marcia Jean Boris, Lincoln County Attorney, Libby, Montana

Submitted on Briefs:  August 3, 2022

Decided:  September 13, 2022

Filed:

                          _____
                                     Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Leah Verna Gudmundsen (Gudmundsen) appeals the sentence imposed by the Nineteenth Judicial District Court, Lincoln County, following revocation of her suspended sentence.  She challenges the District Court's denial of credit for elapsed time served on probation.  We address the following issue:

> *Did the District Court violate § 46-18-203(7)(b), MCA, by denying credit for elapsed time served on probation without basing the denial on specific probation violations?*

¶2     We reverse and remand for application of a credit toward Gudmundsen's revocation sentence for elapsed time served.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     Gudmundsen was arrested on March 21, 2019, and charged with two counts of criminal possession of dangerous drugs under § 45-9-102, MCA, and one count of criminal possession of drug paraphernalia under § 45-10-103, MCA.  Pursuant to a September 5, 2019 plea agreement, Gudmundsen pled guilty to a single count of criminal possession of dangerous drugs in exchange for dismissal of the two other charges.  She was sentenced, on October 21, 2019, to five years with the Montana Department of Corrections, with all time suspended.  The conditions of her probation required Gudmundsen to abstain from drug and alcohol use and submit to regular drug testing, participate in chemical dependency treatment, obtain permission from her probation officer prior to purchasing real property or an automobile, and to be "cooperative and truthful" in all interactions with probation officers.

2

¶4 From her October 2019 sentencing through January 2020, Gudmundsen repeatedly tested positive for methamphetamine. In March 2020, she purchased a vehicle without her supervising officer's permission. No further probation violations were recorded until a series of incidents beginning in August 2020 involving Gudmundsen's failure to report to her supervising probation officer.

¶5 On October 23, 2020, Gudmundsen was arrested on a new charge of criminal possession of dangerous drugs. Gudmundsen entered an outpatient treatment program in November 2020, which she continued, and participated in Treatment Court, until her sentencing on May 3, 2021. During her time in treatment, no probation violations were recorded. In December 2020, the State moved to revoke Gudmundsen's original suspended sentence. To resolve both cases, the parties entered a plea agreement in which Gudmundsen admitted to the violation of her probation and pled guilty to the new charge of criminal possession of dangerous drugs, while the State recommended that Gudmundsen receive a three-year suspended sentence on the revocation, and a five-year suspended sentence for the new charge, with the sentences running consecutively for eight total years.

¶6 At the sentencing hearing, Gudmundsen requested ten months of credit, including four months from April 2020 to July 2020, and six months from November 2020 to April 2021, toward her sentence as elapsed time served, citing § 46-18-203(7)(b), MCA.[1]

---

[1] During the sentencing hearing, Gudmundsen referred to elapsed time served as "good time."

Gudmundsen noted she had no recorded probation violations during those two time periods. The District Court denied her request, stating:

> With respect to [Gudmundsen]'s arguments as to credit for time served and those things, I think given the lengthy list of problems that went all the way up to and including the months leading up to the arrest, and essentially what we've been doing, the recommendation contained in the Plea Agreement, or the Report of Violation was a five-year DOC commit at that point in time. And so the negotiation I think the three years DOC is appropriate. I am not going to reduce it anymore for good time.

¶7 In the written sentencing order, the District Court stated:

> Having considered § 46-18-203(7)(b), M.C.A., the Court expressly denies Defendant credit toward her sentence for any elapsed time while Defendant was under her initial probationary sentence, except for the time that Defendant was actually incarcerated on the charge in this case. *The Court's reasons for denying credit are Defendants repeated violations of the terms and conditions of her probation*.

(Emphasis added.) The District Court adhered to the State's recommendation and sentenced Gudmundsen to consecutive suspended sentences of three and five years, with no credit for elapsed time.

## STANDARDS OF REVIEW

¶8 While we review a district court's revocation of a suspended sentence for abuse of discretion, *State v. Jardee,* 2020 MT 81, ¶ 5, 399 Mont. 459, 461 P.3d 108, when the district court's authority to take a specific action is at issue, the question is one of law and our review is de novo. *State v. Tippets*, 2022 MT 81, ¶ 9, 408 Mont. 249, 509 P.3d 1 (citing *State v. Graves*, 2015 MT 262, ¶ 12, 381 Mont. 37, 355 P.3d 769). "Calculating credit for time served is not a discretionary act, but a legal mandate." *Tippets*, ¶ 10 (citing *State v. Parks*, 2019 MT 252, ¶ 9, 397 Mont. 408, 450 P.3d 889). A district court's determination

4

of credit for time served is therefore assessed for legality. *Tippets*, ¶ 10. Further, "the interpretation and construction of a statute is a matter of law, and we review whether the district court interpreted and applied a statute correctly de novo." *Jardee*, ¶ 5 (citing *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819).

## DISCUSSION

¶9 *Did the District Court violate § 46-18-203(7)(b), MCA, when it denied Gudmundsen credit for elapsed time served without basing its decision on specific probation violations?*

¶10 Gudmundsen argues she is entitled to a ten-month elapsed-time credit towards her new sentence because § 46-18-203(7)(b), MCA, requires credit be granted for all elapsed time served without demonstrated violations. Citing *Jardee*, Gudmundsen contends that the current language of § 46-18-203(7)(b), MCA, does not provide judicial discretion to deny elapsed time absent probation violations, and thus the District Court issued an illegal sentence by denying her credit without specifying probation violations during the times in question.

¶11 In response, the State contends the District Court had discretion to deny Gudmundsen credit for elapsed time because credit was effectively granted for the subject periods by way of the plea agreement that reduced Gudmundsen's sentence from five to three years. The State points to the District Court's phrasing during oral imposition that, given the sentence reduction to three years in plea negotiations, it was "not going to reduce [the sentence] *anymore* for good time." (Emphasis added.) Based on this language, the

State argues the District Court believed Gudmundsen's reduced sentence had already accounted for any elapsed-time credit.

¶12 Section 46-18-203(7)(b), MCA, provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, and *allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence.* If the judge determines that elapsed time should not be credited, the judge shall state the reasons for the determination in the order. Credit must be allowed for time served in a detention center or for home arrest time already served.

(Emphasis added.) While "the prior version of the statute granted discretion to a sentencing court to either grant or deny credit for street time[,] . . . . the [current] version of the statute eliminates this discretion, requiring credit if there have been no violations. . . ." *Jardee*, ¶ 10.

¶13 Additionally, "it is now insufficient for a district court to base a denial of street time credit solely on a 'pattern' of criminal behavior." *Jardee*, ¶ 11. Such generalized assessments of a probationer's conduct do not render the elapsed-time credit discretionary. Rather, specific violations established upon "the record or recollection of the probation officer" are necessary "to establish a basis for denial of street time credit" for the period claimed, and must be stated by the sentencing court. *Jardee*, ¶ 11. In *Jardee*, it was demonstrated that the probationer had continuously misreported his address to his probation officer while instead living with his girlfriend in violation of his probation conditions. *Jardee*, ¶ 12. Consequently, the district court's reliance on the record of the probationer's ongoing probationary violation established a statutory basis to deny the claim

6

for elapsed-time credit. *Jardee*, ¶ 12. Here, the District Court's reference to "repeated violations of terms and conditions" without a connection to the claimed period was merely a generalized "pattern of criminal behavior" justification that was insufficient under the statute to deny the requested credit. *Jardee*, ¶ 11. Unlike in *Jardee*, nothing in the record here indicates that Gudmundsen violated her probation conditions during the ten months in question.

¶14 Neither does potential consideration of elapsed time in the court's formulation of the revocation sentence eliminate entitlement to the credit. The defendant is statutorily entitled to the credit unless specific violations during the times in question are demonstrated. We conclude the District Court erred by denying Gudmundsen's requested elapsed-time credit under § 46-18-203(7)(b), MCA.[2]

¶15 Reversed and remanded for entry of an amended judgment granting credit toward Gudmundsen's revocation sentence for the claimed elapsed time.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

---

[2] The State has argued previously that the revised statute "could be problematic in its application, in that the parties and district court might be tasked with parsing out periods of time for compliance determination, but our precedent, cited above, requires that we apply the plain meaning of a statute when such meaning is unambiguous." *Jardee*, ¶ 10. Application challenges may be ameliorated in cases involving a plea by addressing the issue in the plea agreement. We note that the plea agreement here did not explicitly address the elapsed-time credit claimed by Gudmundsen.