FILED

05/05/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0667

DA 24-0667

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 98N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CODY ANN CARAVEO,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-22-363
Honorable David J. Grubich, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ryan P. Archibald, Attorney at Law, Corpus Christi, Texas

      For Appellee:

          Austin Knudsen, Montana Attorney General, Thad Tudor, Assistant
Attorney General, Helena, Montana

          Joshua A. Racki, Cascade County Attorney, Michele R. Levine,
Deputy County Attorney, Great Falls, Montana

Submitted on Briefs:  April 15, 2026

Decided:  May 5, 2026

Filed:

_____
                Clerk

Justice Katherine M. Bidegaray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Cody Ann Caraveo appeals her September 2024 sentence on revocation in the Montana Eighth Judicial District Court, Cascade County. The only issue she presents is whether the court erroneously denied credit for elapsed time without violations under § 46-18-203(7)(b), MCA (2023).[1] Caraveo claims she was entitled to 130 days elapsed-time credit—93 days from August 30 through December 1, 2023, and 37 days from April 30 through June 6, 2024. The State disputes the first period but concedes she was entitled to 37 days for the second period. We agree with the State and remand for entry of an amended judgment crediting Caraveo with 37 days elapsed-time credit.

¶3    In May 2023, a jury found Caraveo guilty of felony burglary. On August 23, 2023, the court sentenced Caraveo to two years to the Montana Department of Corrections (DOC), all suspended. The court imposed probation conditions, requiring, as pertinent here, that Caraveo abstain from illegal drugs and seek and maintain employment or probation-approved programming.

---

[1] All references to § 46-18-203(7)(b), MCA, are to the 2023 version of that statue.

2

¶4 In March 2024, the State petitioned to revoke Caraveo's suspended sentence based on a Report of Violation (ROV) alleging that Caraveo had been charged with new crimes, tested positive for methamphetamine, and failed to obtain or maintain employment or programming. In April 2024, Caraveo denied the allegations. The court continued disposition twice while Caraveo sought drug treatment, eventually setting a hearing date for mid-September 2024.

¶5 In early August 2024, Caraveo's probation officer submitted an addendum to his ROV alleging that, while Caraveo had entered inpatient drug treatment on July 16, 2024, she left just five days later, weeks ahead of her projected August 14, 2024 discharge date and against her treatment provider's advice. The probation officer also alleged a new violation for Caraveo's failing to report any employment or programming.

¶6 At the scheduled September 18, 2024 hearing, Caraveo changed her responses to the March 2024 revocation petition allegations and answered the separate, additional August 2024 allegations, admitting all alleged violations under oath, including that she failed to obtain or maintain employment or programming and failed to report any employment to her probation officer.

¶7 At the September 2024 dispositional hearing, Caraveo's probation officer, consistent with the allegations in the ROV and addendum, testified that, since signing her probation conditions in August 2023, Caraveo had continued to struggle with drug use and had failed to maintain employment or programming. He denied that Caraveo was entitled to any credit from August 30 through December 1, 2023, because she never reported any employment or programming during that timeframe. He said he twice utilized a "job

3

development" case management response to no avail. However, the probation officer acknowledged that Caraveo reported employment beginning April 30, 2024, and that his last note reflecting reported employment was June 6, 2024.

¶8 The District Court revoked Caraveo's probationary sentence and sentenced her to a two-year DOC commitment with no time suspended and denied any credit for elapsed time. Caraveo argues this was error because she sought elapsed-time credit for 93 days from August 30 through December 1, 2023, and 37 days from April 30 through June 6, 2024, on the ground that there was no record or recollection of any specific probation violation during those periods.

¶9 Section 46-18-203(7)(b), MCA, governs elapsed-time credit on revocation. The statute requires the sentencing court to consider elapsed time, consult the records and recollection of the probation and parole officer, and allow credit for elapsed time served without any record or recollection of violations. *State v. Gudmundsen*, 2022 MT 178, ¶ 8, 410 Mont. 67, 517 P.3d 146. "Violations may be continuous or ongoing, so long as the record or recollection of the supervising probation or parole officer points to specific, actual instances of offender conduct constituting a violation of the terms of a sentence." *State v. Powell*, 2025 MT 218, ¶ 14, 424 Mont. 180, 577 P.3d 150. Because credit for elapsed time is mandatory to the extent required by statute, we review a court's determination regarding elapsed-time credit for legality. *Gudmundsen*, ¶ 8.

¶10 Caraveo argues she was not in violation from August 30 through December 1, 2023, because, at sentencing on August 23, 2023, defense counsel represented that she was employed by her landlord and, in her view, the record does not clearly show when that

4

employment ended. That point does not carry the day. Even if the record suggested some employment at sentencing, the relevant question under § 46-18-203(7)(b), MCA, is whether the probation officer's records or recollection demonstrated a specific violation during the period for which credit is sought. Here, Caraveo later admitted under oath that the employment/programming allegations were true, and the probation officer testified that Caraveo did not maintain or report employment or programming during the relevant earlier period. On this record, the District Court did not err in concluding that Caraveo remained in violation of the employment/programming condition during the August 30 to December 1, 2023 period.

¶11 Based on the probation officer's records and recollection, together with Caraveo's admissions, the District Court had a sufficient basis to find a continuous violation of the employment/programming condition from August 30 through December 1, 2023. Section 46-18-203(7)(b), MCA, does not require multiple violations or separate proof of condition violations during every portion of the period in question. A specific, continuous violation of a probation condition is enough. *See State v. Jardee*, 2020 MT 81, ¶ 12, 399 Mont. 459, 461 P.3d 108. Because the District Court relied on the violation of a specific condition, supported by the probation officer's records and recollections, rather than on a generalized pattern of poor adjustment, its denial of elapsed-time credit for this period satisfied the requirements of § 46-18-203(7)(b), MCA, and was not error.

¶12 Conversely, Caraveo's probation officer's testimony established that Caraveo reported employment during the 37-day period from April 30 through June 6, 2024, and the record identified no probation violation during that interval.

5

Because § 46-18-203(7)(b), MCA, requires credit for elapsed time served without any record or recollection of violations, the court's blanket denial of elapsed-time credit for this violation-free period was error. Therefore, we reverse in part and remand for entry of an amended judgment awarding Caraveo credit for 37 days of elapsed-time credit under § 46-18-203(7)(b), MCA.

¶13 We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules because the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE